OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Bellian, Appellant, v. Bicron Corporation, Appellee.
[Cite as Bellian v. Bicron Corp. (1994),      Ohio St.3d    .]
Discrimination -- Age discrimination claim premised on
     violation described in R.C. Chapter 4112 must comply with
     one-hundred-eighty-day statute of limitations period set
     forth in former R.C. 4112.02(N).
Any age discrimination claim, premised on a violation described
     in R.C. Chapter 4112, must comply with the one-hundred-
     eighty-day statute of limitations period set forth in
     former R.C. 4112.02(N).
     (No. 93-354 -- Submitted February 23, 1994 -- Decided June
29, 1994.)
     Appeal from the Court of Appeals for Geauga County, No.
92-G-1695.
     Defendant-appellee, Bicron Corporation, was founded in
1969 by Richard Spurney, Jay Menefee, Harry Suscheck, and Lloyd
Hamner.  Plaintiff-appellant, Joseph Bellian, was contacted by
Menefee and hired by him in 1972 as Vice-President of Marketing.
     In 1976, Menefee became Chairman of the Board.  Bicron
also had hired two new executives, Harold Murphy and Chris
Bartel, both as vice-presidents.  Eventually, appellant became
part of a triumvirate presidency along with Murphy and Bartel,
and held the actual title of President.
     By 1986, Spurney decided that a change was in order
because Bicron's bankers were concerned about a lack of
leadership at Bicron.  Specifically, Spurney became concerned
about significant losses in the first half of the fiscal year
due to a lack of leadership, decision making and broad focus,
which he attributed to appellant's shortcomings.
     Subsequently, Spurney demoted appellant to Vice-President
of Sales and Marketing.  Spurney, who is one month older than
appellant, assumed the position of President.  Additionally,
Bartel and Murphy, age forty and fifty respectively, were asked
to resign because of unsatisfactory job performances.  Shortly
thereafter, one Eugene Conner, age fifty-five, was promoted to
the position of Treasurer Controller.
     Later in 1987, Spurney determined that appellant had
failed to develop a strong marketing program, and demoted him

to the position of Vice-President of Sales.  Appellant's salary of $128,300 per year did not change.  Philip Parkhurst, age forty, whom appellant had originally hired, became the Director of Marketing because he supposedly possessed the skills necessary to attain Bicron's marketing goals.  His salary was only $63,000.

Appellant stated in his deposition that he had no objection to Bicron's directive that he should begin training a replacement in order to make the company more attractive to potential buyers.  Specifically, he agreed that Bicron needed to "train the young ones so they can take over when the old ones retire."  Pursuant to appellant's request, Spurney changed appellant's title to Executive Vice-President of Sales.  Additionally, in April 1989, appellant received a ten percent pay cut along with all exempted salaried personnel, with the exception of recent hires.

In June 1989, Spurney reassigned appellant to Manager of Electronic Products at a salary of $112,000 per year because appellant's performance as Executive Vice-President of Sales was supposedly unacceptable.  In March 1990, Bicron was sold to SGIC, Inc., a French corporation.  Appellant stated in his deposition that he received over $800,000 for his stock in Bicron.  He also received $70,000 as an incentive bonus.

Shortly thereafter, in light of Bicron's declining sales and profitability, appellant's salary was reduced to $76,900 to be more in line with the salaries of other product line managers.  In response to this decrease, appellant inquired about a severance package.  Spurney agreed to compensate appellant with two weeks of salary for every year of service--totaling approximately $81,000--if appellant wished to retire.  In the alternative, Spurney agreed to pay appellant $81,000 per annum if appellant desired to remain with Bicron.  Appellant decided to stay on, and is still employed by Bicron as Manager of Electronic Products.

Appellant filed suit against Bicron on February 4, 1991, alleging age discrimination, breach of implied contract, and promissory estoppel.  Appellee's motion for summary judgment was granted on May 5, 1992.  The court of appeals affirmed the trial court's decision.

This cause is now before this court upon an allowance of a motion to certify the record.

Thrasher, Dinsmore & Dolan, Lawrence J. Dolan and Paul T. Murphy, for appellant.

Spieth, Bell, McCurdy & Newell Co., L.P.A., Nancy A. Shaw, Bruce G. Hearey and Debra L. Kackley; Petersen, Ibold & Wantz and Jerry Petersen, for appellee.

Louis A. Jacobs; Spater, Gittes, Schulte & Kolman and Frederick M. Gittes, urging reversal for amicus curiae, Ohio Employment Lawyers Association.

Francis E. Sweeney, Sr., J.   The issue before this court is whether the trial court properly granted summary judgment in favor of appellee on the grounds that:  (1) appellant's claim is barred because he did not file his age discrimination claim within the one-hundred-eighty-day statute of limitations period set forth in R.C. 4112.02(N), and (2) no genuine issue of

material fact exists to prevent summary judgment on appellant's claim. For the following reasons, we find that summary judgment was proper on both grounds and accordingly affirm the judgment of the court of appeals.

Initially, we address the finding that appellant's age discrimination claim was barred because he did not file the claim within the one-hundred-eighty-day statute of limitations period set forth in R.C. 4112.02(N). We agree.

Appellant states that his cause of action for age discrimination was brought under R.C. Chapter 4112 and specifically pursuant to R.C. 4112.99. He failed, however, to file his claim within the one-hundred-eighty-day statute of limitations period set forth in R.C. 4112.02(N). Appellant argues that he need not comply with the express limitations period prescribed by R.C. 4112.02(N) as his claim was brought under the more general discrimination provision of R.C. 4112.99 which does not contain a limitations period. Consequently, appellant insists that the six-year statute of limitations set forth in R.C. 2305.07 must be applied to claims filed under R.C. 4112.99. Thus, since his claim was filed within six years of the last alleged discriminatory act, appellant alleges his claim is not barred.

In Elek v. Huntington Natl. Bank (1991), 60 Ohio St.3d 135, 136, 573 N.E.2d 1056, 1057, we stated that R.C. 4112.99 creates an independent civil action to remedy any form of discrimination identified in R.C. Chapter 4112. This court also recognized that there may be instances where R.C. 4112.99 would conflict with other more specific provisions of R.C. Chapter 4112. In those instances, we stated, "existing rules of statutory construction are available to address" the conflicts. Id. at 137, 537 N.E.2d at 1058.

Applying the rule of statutory construction, R.C. 1.51, to conflicts between general and specific statutes, we have held that where there is no manifest legislative intent that the general provision prevail over the specific provision, the specific provision applies. State v. Chippendale (1990), 52 Ohio St.3d 118, 556 N.E.2d 1134. Here, R.C. 4112.99 is the more general statute. Consequently, R.C. 4112.99 prevails over R.C. 4112.02(N) only if there is a clear manifestation of legislative intent. Since the General Assembly has not shown such an intent, the specific provision, R.C. 4112.02(N), must be the only provision applied. Moreover, appellant alleged in Count I of his complaint that the "[d]efendant and its agents have violated the provisions of Chapter 4112 of the Ohio Revised Code." The only provision in R.C. Chapter 4112 that recognizes discrimination on the basis of age is R.C. 4112.02. Thus, regardless of whether appellant stated reliance on R.C. 4112.02 or 4112.99, he had to be referring to the form of age-based employment discrimination identified by R.C. 4112.02.

Former R.C. 4112.02(N) provided that "[a]n aggrieved individual may enforce his rights relative to discrimination on the basis of age as provided for in this section by instituting a civil action, within one hundred eighty days after the alleged unlawful practice occurred * * *."1 (Emphasis added.) This language makes it clear that any age-based employment discrimination claim, premised on a violation described in R.C. Chapter 4112, must comply with the one-hundred-eighty-day

statute of limitations period set forth in R.C. 4112.02(N).

Based on the above, we conclude that any age discrimination claim, premised on a violation described in R.C. Chapter 4112, must comply with the one-hundred-eighty-day statute of limitations period set forth in former R.C. 4112.02(N). Thus, appellant's claim was barred because he did not file his cause of action within the one-hundred-eighty-day period.

We next address the finding that summary judgment in favor of appellee was proper because appellant has not raised a genuine issue of material fact to support his age discrimination claim. We agree.

Summary judgment may be properly granted where (1) no genuine issue as to any material fact exists; (2) the moving party is entitled to judgment as a matter of law; (3) it appears from the evidence that reasonable minds can come to but one conclusion; and (4) viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

To establish a prima facie case of age discrimination, a plaintiff must demonstrate: (1) that he or she was a member of the statutorily protected class; (2) that he or she was discharged; (3) that he or she was qualified for the position; and (4) that he or she was replaced by, or his or her discharge permitted the retention of, a person not belonging to the protected class. Kohmescher v. Kroger Co. (1991), 61 Ohio St.3d 501, 575 N.E.2d 439, syllabus. The ultimate question is whether the defendant intentionally discriminated against plaintiff because of his age. See id. at 404-405, 575 N.E.2d at 442.

In the present case, appellant failed to establish a prima facie case of age discrimination. According to the record below, appellant was not discharged. He was retained by the company and receives many benefits, including a pension plan, a 401K plan, a gas credit card, and country club membership. Thus, this is not a constructive discharge situation, as appellant could not reasonably feel compelled to resign. See Henry v. Lennox Industries, Inc. (C.A.6, 1985), 768 F.2d 746. In addition, there is significant evidence that appellant was not performing well at his various positions. Thus, appellee had legitimate, nondiscriminatory business reasons for its actions. Moreover, appellant was not replaced by anyone outside the statutorily protected age group, which is "forty or older." See R.C. 4101.17(A). Appellant was replaced by Parkhurst, who had already turned age forty at the time. As to appellant's claim of breach of implied contract, his assignment as president was in name only and he admitted there was no express or implied contract that it would be a permanent position. Also, his claim of promissory estoppel fails as appellant has proven no promise of job security.

In conclusion, we find that summary judgment in favor of appellee was proper because appellant failed to timely file his age discrimination claim and, additionally, failed to raise a genuine issue of material fact to prevent summary judgment. Accordingly, we affirm the judgment of the court of appeals.

                        Judgment affirmed.

    Moyer, C.J., A.W. Sweeney, Wright and Resnick, JJ., concur.
    Douglas and Pfeifer, JJ., dissent.

Footnote:
1.    Former R.C. 4112.02(N) was amended on June 30, 1992 to add
the word "discriminatory" after "unlawful."