JOURNAL ENTRY AND OPINION
{¶ 1} Biswanath Halder has filed a timely application for reopening pursuant to App. R. 26(B). Halder is attempting to reopen the appellate judgment rendered in State v. Halder, Cuyahoga County Court of Common Pleas Case No. CR-03-437717, which affirmed his conviction for the offenses of capital murder, aggravated murder, aggravated burglary, kidnaping, and unlawful possession of a dangerous ordnance. For the following reasons, we decline to reopen Halder's appeal.
 {¶ 2} Initially, we find that the doctrine of res judicata prevents this court from reopening Halder's original appeal. Errors of law, that were either previously raised or could have been raised through an appeal, may be barred from further review *Page 3 
based upon the operation of res judicata. See, generally, State v.Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. The Supreme Court of Ohio has also held that a claim of ineffective assistance of appellate counsel may be barred by the doctrine of res judicata, unless the circumstances of a particular appeal render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204.
 {¶ 3} Herein, Halder did file an appeal, with the assistance of counsel different than trial counsel and appellate counsel, with the Supreme Court of Ohio and either raised or could have raised the constitutional issue of ineffective assistance of appellate counsel. The Supreme Court of Ohio, however, dismissed Halder's appeal on April 23, 2008, as not involving any substantial constitutional question. Since the issue of ineffective assistance of appellate counsel was raised or could have been raised on appeal to the Supreme Court of Ohio, res judicata now bars any further litigation of the claim. We further find that the circumstances of this appeal do not render the application of the doctrine of res judicata unjust. State v. Dehler, 73 Ohio St.3d 307,1995-Ohio-320, 652 N.E.2d 987; State v. Terrell, 72 Ohio St.3d 247,1995-Ohio-54, 648 N.E.2d 1353; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed (June 14, 1996), Motion No. 71793.
 {¶ 4} Finally, a substantive review of Halder's brief in support of the application for reopening fails to support the claim of ineffective assistance of appellate counsel. Halder must establish the prejudice which results from the *Page 4 
claimed deficient performance of appellate counsel. In addition, Halder must demonstrate that but for the deficient performance of appellate counsel, the result of his appeal would have been different. State v.Reed, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456. Therefore, in order for this court to grant an application for reopening, Halder must establish that "there is a genuine issue as to whether the applicant was deprived of the assistance of counsel on appeal." App. R. 26(B)(5).
 {¶ 5} "In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App. R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he had a `colorable claim' of ineffective assistance of counsel on appeal."
 {¶ 6} State v. Spivey, 84 Ohio St.3d 24, 1998-Ohio-704,701 N.E.2d 696, at 25.
 {¶ 7} In support of his claim of ineffective assistance of appellate counsel, Halder advances three issues which he alleges should have been raised by appellate counsel in the original appeal: (1) Halder was denied the right to a speedy *Page 5 
trial; (2) trial counsel was ineffective during the course of trial; and (3) trial counsel should have permitted Halder to testify on his own behalf.
 {¶ 8} Initially, we find that Halder was not denied the right to a speedy trial. Halder was arrested on May 9, 2003 and his trial commenced on November 14, 2005. A review of the trial court docket, in CR-03-87974, clearly demonstrates that Halder's right to a speedy trial was tolled by the following: (1) discovery requests as made by Halder; (2) requests for continuance as filed by Halder; (3) Halder's "limited" waiver of the right to a speedy trial; (4) competency and sanity examinations as requested by Halder; (5) Halder's pro se motions to disqualify counsel; and (6) Halder's motion to dismiss capital components due to constitutional and international law violations. See R.C. 2945.71; R.C. 2945.72; State v. Brown, 98 Ohio St.3d 121,2002-Ohio-7040, 781 N.E.2d 159; State v. Palmer, 84 Ohio St.3d 103,1998-Ohio-507, 72 N.E.2d 702; State v. McRae (1978), 55 Ohio St.2d 149,378 N.E.2d 476.
 {¶ 9} In his second claim of ineffective assistance of appellate counsel, Halder raises 20 issues, which he argues should have been raised in the original appeal: (1) Halder was prevented from contacting the media; (2) Halder was prevented from contacting anyone; (3) trial counsel failed to communicate with Halder; (4) trial counsel failed to discuss the planned defense with Halder; (5) trial counsel failed to conduct discovery; (6) trial counsel failed to investigate and pursue all avenues of defense; (7) trial counsel failed to conduct any pretrial investigation; *Page 6 
(8) trial counsel failed to locate and interview critical witnesses; (9) trial counsel failed to investigate mitigating evidence; (10) trial counsel failed to prepare adequately for trial; (11) trial counsel failed to establish that Halder was a charitable person; (12) trial counsel failed to establish that cyber-criminals will destroy our civilization; (13) trial counsel failed to establish that Halder's Unix shell account was destroyed by a cyber-criminal; (14) trial counsel failed to establish that Halder had filed a civil action in the Cuyahoga County Court of Common Pleas; (15) trial counsel failed to establish the culpability of Case Western Reserve University, the F.B.I., the police, and others; (16) trial counsel failed to elicit the truth from lying witnesses; (17) trial counsel failed to produce several essential witnesses; (18) trial counsel failed to call any mitigating character witnesses; (19) trial counsel misrepresented material facts in order to humiliate, ridicule, and vilify Halder; and (20) trial counsel conspired with the prosecuting attorney to adduce victim-impact evidence.
 {¶ 10} It is well settled that appellate counsel is not required to raise and argue meritless and/or frivolous assignments of error.Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987, 103 S.Ct. 3308. In addition, appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. Id.; State v.Grimm, 73 Ohio St.3d 413, 1995-Ohio-492, 653 N.E.2d 253; State v.Campbell, 69 Ohio St.3d 38, 1994-Ohio-339, 630 N.E.2d 339. It must also be noted that consideration of the aforesaid twenty issues on appeal would not have resulted in a reversal of Halder's conviction for the offenses of capital murder, *Page 7 
aggravated murder, aggravated burglary, kidnaping, and unlawful possession of a dangerous ordnance. Simply stated, Halder has failed to establish that he was prejudiced by the conduct of appellate counsel.Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.ED.2d 674; State v. Smith (1985), 17 Ohio St.3d 98, 477 N.E.2d 1128;Vaughn v. Maxwell (1965), 2 Ohio St.2d 299, 209 N.E.2d 164.
 {¶ 11} Finally, we find no prejudice associated with the claim that appellate counsel should have raised on appeal the failure of trial counsel to allow Halder to testify at trial. The decision to allow Halder to testify at trial falls squarely within the realm of defense counsel's trial strategy. Judicial review of an attorney's strategic decisions during the course of trial and the appellate process must be granted extreme deference. Strickland v. Washington, supra. It must also be noted that Halder has failed to demonstrate the prejudice which resulted from trial counsel's strategic decision to limit testimony during the course of trial.
 {¶ 12} Accordingly, we find that Halder has failed to establish that he was prejudiced by the conduct of appellate counsel and must deny the application for reopening.
Application for reopening denied.
 KENNETH A. ROCCO, P.J., and ANN DYKE, J., CONCUR *Page 1