JOURNAL ENTRY AND OPINION *Page 4 
{¶ 1} Defendant-appellant, Danny Barb, appeals from his conviction for felonious assault following a jury trial. He argues that the court erred by denying his motion for discharge for failure to provide him with a speedy trial, by denying his motion to dismiss for failure to prove venue, and by finding that the state had proved a repeat violent offender specification beyond a reasonable doubt. He further challenges the sufficiency and the weight of the evidence to support his conviction. Finally, he claims the court erred by imposing the maximum sentence on him, and that the sentence constituted cruel and unusual punishment. We find no error in the proceedings below. Therefore, we affirm.
 Procedural History {¶ 2} Appellant was arrested on a charge of domestic violence on August 15, 2007. At his initial appearance on August 17, 2007, bond was set at $25,000. Appellant was charged in a two-count indictment filed September 11, 2007, with one count of domestic violence and one count of felonious assault with a notice of prior conviction and a repeat violent offender specification. He was arraigned on September 14, 2007, and counsel was appointed to represent him. On September 20, 2007, appellant's counsel filed a motion for discovery and to examine exculpatory and mitigatory material.
 {¶ 3} At the appellant's request, the court continued the first pretrial in this matter from October 4 to October 22, 2007, and scheduled the trial for October 29, 2007. New counsel was appointed to represent appellant on October 18, 2007, after the public defender's office determined that it had previously represented one of the alleged victims. A pretrial *Page 5 
was scheduled for October 24, 2007. Pretrials were continued to October 30 and then November 14, 2007, at the appellant's request on account of discovery. Trial was rescheduled for November 26, 2007, again, at appellant's request.
 {¶ 4} Immediately before trial, appellant filed a motion to bifurcate the proceedings with respect to his prior conviction for domestic violence in 1993, which was an element of the domestic violence charge. He also moved for the court to discharge him for failure to provide him with a speedy trial. The court denied both motions but did bifurcate the issue of appellant's prior conviction for burglary, which supported a repeat violent offender specification on the felonious assault charge.
 {¶ 5} At trial, the state presented the testimony of the alleged victims, L.S. and her son, Richard Finley. In addition, the state introduced the testimony of D.S., the daughter of appellant and L.S., police officers John Sattler and James Zak, and Detective Michael Torok, as well as the 911 dispatcher, Andria Cabaniss. The defense presented the testimony of appellant's neighbor, Robert Voytovich. In brief, L.S. testified that she and appellant were engaged in an argument in a van parked in a neighbor's driveway. She said appellant struck her several times then retrieved a hammer from his tool belt on the floor of the van. Finley approached the van. Appellant got out of the van and struck Finley in the head with the hammer.
 {¶ 6} At the conclusion of the trial, the jury returned a verdict finding appellant not guilty of domestic violence but guilty of felonious assault. The court found the state had proved appellant's prior conviction for burglary. The court subsequently sentenced appellant *Page 6 
to eight years' imprisonment followed by three years of postrelease control, plus a fine of $250.
 Law and Analysis {¶ 7} In his first assignment of error, appellant urges that the court erred by denying his motion for discharge for failure to afford him with a speedy trial. Pursuant to R.C. 2945.71(C)(2), a person against whom a felony charge is pending must be brought to trial within 270 days after his arrest. For purposes of computing this time, each day spent in jail pending trial must be counted as three days. R.C. 2945.71(E). The parties apparently agree that appellant was in jail pending trial from the time of his arrest on August 15, 2007, so each day that counted toward his speedy trial time counted as three days.
 {¶ 8} When computing speedy trial time, the date of arrest itself is not counted. See, e.g., State v. Stewart, Montgomery App. No. 20462,2006-Ohio-4164, ¶ 16. Thirty-six days elapsed from the day after appellant's arrest (August 16, 2007) until the date he filed his motion for discovery (September 20, 2007), inclusive.
 {¶ 9} Pursuant to R.C. 2945.72(E), the speedy trial time is extended for any period of delay necessitated by a motion filed by the defendant. Requests for discovery are tolling events under this provision.State v. Brown, 98 Ohio St. 3d 121, 2002-Ohio-7040, ¶ 23. While the speedy trial clock is not tolled indefinitely by such a motion, it is tolled for a reasonable time. State v. Sanchez, 110 Ohio St.3d 274,2006-Ohio-4478, ¶ 27. In this case, the state did not actually respond to appellant's motion for discovery until November 20, 2007. This two-month delay was probably not reasonable. However, we find that a thirty-day *Page 7 
response period was reasonable, thus tolling the speedy trial clock until October 20, 2007. Even without attributing any other delays to appellant for purposes of calculating his speedy trial time, the commencement of trial on November 27, 2007 was well within the ninety-day period allowed by R.C. 2945.71(C)(2) and (E). Therefore, we overrule the first assignment of error.
 {¶ 10} Second, appellant challenges the sufficiency and weight of the evidence of felonious assault. As appellant correctly notes, the concepts of sufficiency and weight of the evidence are qualitatively different. The evidence is sufficient if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact can conclude that the state has proven each element of the crime beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. This standard tests the adequacy of the evidence, while the standard for assessing the weight of the evidence tests the quality of the evidence. In addressing the issue of the manifest weight of the evidence, the court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered. State v. Martin (1983),20 Ohio St.3d 172, paragraph three of the syllabus.
 {¶ 11} Appellant was charged with felonious assault as defined by R.C. 2903.11(A)(2). This statute provides in pertinent part: "[n]o person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance." *Page 8 
 {¶ 12} Appellant concedes that the hammer he used to strike Finley was a "dangerous ordnance." We think it is better described as a "deadly weapon," that is, "[an] instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." R.C. 2923.11(A); State v.Reckers, Hamilton App. Nos. C-060451, C-060640, 2007-Ohio-3679, ¶ 14
(flashlight used as a bludgeon was a deadly weapon). He claims the evidence was insufficient because it was not clear who held the hammer when the victim was struck with it. The fact that the jury could reach differing conclusions might affect the weight of the evidence, but it does not affect its sufficiency. Both L.S. and Finley testified that appellant struck Finley in the head with the hammer. This evidence was sufficient to prove felonious assault beyond a reasonable doubt.
 {¶ 13} In his challenge to the weight of the evidence, appellant argues that the testimony of L.S., D.S. and Finley was unreliable because of the familial relationship among these witnesses and their interest in deflecting potential criminal charges against L.S. Familial relationships existed between appellant and these witnesses as well. These relationships were factors the jury could consider along with the other evidence in assessing the witnesses' credibility. We cannot say that the jury clearly lost its way or created such a manifest miscarriage of justice that a new trial is required. Therefore, we overrule the second assigned error.
 {¶ 14} Appellant's third assignment of error contends that the court erred by denying his motion for judgment of acquittal at the conclusion of the state's case because the state failed to prove venue. "Although it is not a material element of the offense charged, venue is *Page 9 
a fact which must be proved in criminal prosecutions * * *." State v.Headley (1983), 6 Ohio St.3d 475, 477. "The standard of proof is beyond a reasonable doubt, although venue need not be proved in express terms so long as it is established by all the facts and circumstances in the case." Id.
 {¶ 15} During the state's case-in-chief, L.S. testified that the events surrounding this crime took place in a driveway on Kirkwood Avenue in the City of Cleveland, Cuyahoga County. This was ample proof of venue. State v. Wheat, Franklin App. No. 05AP-30, 2005-Ohio-6958, ¶ 13. Accordingly, we overrule the third assignment of error.
 {¶ 16} Fourth, appellant contends that the court erred by finding that he was previously convicted of burglary, because the state failed to prove that appellant was the person named in the prior judgment of conviction. The prior burglary conviction was not introduced to enhance the degree of the offense. It only potentially enhanced the penalty by supporting a repeat violent offender specification. See State v.Allen (1987), 29 Ohio St.3d 53. Therefore, it was not an element of the crime which the state was required to prove beyond a reasonable doubt. Id. Appellant was not prejudiced by the court's finding on his prior conviction, because it did not enhance his sentence. See former R.C. 2929.14(D)(2). "The sanctions imposed for the conviction of the underlying offense are separate from those imposed for conviction of the specification, and an error in the sanction imposed for a specification does not affect the remainder of the sentence." State v. Evans,113 Ohio St.3d 100, 2007-Ohio-861, ¶ 16. Consequently, we overrule the fourth assignment of error because appellant cannot demonstrate any harm from this alleged error. *Page 10 
 {¶ 17} Fifth, appellant asserts that the court erred by imposing a sentence of eight years' imprisonment, the maximum available. In support of this proposition, appellant argues that the sentence imposed upon him was inconsistent with the sentences imposed on similarly situated offenders. Appellant points to only one other case, in which the defendant struck the victim with a hammer and caused severe injuries, and was sentenced to the maximum term of imprisonment. State v.Goetz (Oct. 23, 1998), Hamilton App. No. 970503. He distinguishes the circumstances of this case from the circumstances in Goetz. The fact that the defendant in Goetz was given the maximum sentence does not demonstrate that the appellant should not have received the maximum sentence. Therefore, we overrule the fifth assignment of error.
 {¶ 18} Finally, appellant claims that the sentence violated theEighth Amendment to the United States Constitution, which prohibits cruel and unusual punishment. Again, appellant contends the sentence is disproportionate to the crime committed. Appellant was convicted of felonious assault, a violent second degree felony involving a deadly weapon. The maximum sentence for any second degree felony is eight years' imprisonment, the sentence imposed here. A sentence within the range allowed by a valid statute generally is not cruel and unusual.State v. Hairston, 118 Ohio St.3d 289, 2008-Ohio-2338, ¶ 21. Given the seriousness of the offense and the potential for serious injury, "we cannot say that the potential penalty for violating [R.C. 2903.11] is `so greatly disproportionate to the offense as to shock the sense of justice of the community.'" State v. Weitbrecht, 86 Ohio St.3d 368, 373,1999-Ohio-113. Therefore, we overrule the sixth and final assignment of error.
 Affirmed. *Page 11 
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and ANN DYKE, J., CONCUR
 *Page 1