[Cite as *State v. Winn*, 2012-Ohio-5888.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98172**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTOINE WINN

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-537728

**BEFORE:** S. Gallagher, J., Blackmon, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** December 13, 2012

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, OH   44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Oscar E. Albores
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1} Defendant-appellant, Antoine Winn, appeals his conviction for drug trafficking, a fifth-degree felony. For the reasons set forth below, we affirm.

{¶2} At approximately 8:45 p.m. on May 17, 2010, Detective Dalton Preston, a vice detective with more than 18 years of experience, was working undercover in the area of East 118th Street and Kinsman Avenue. Preston primarily works as a court preparation officer, but he assisted the fourth district's controlled buy team that night. The detective was, therefore, "the eyes of that particular [drug] operation on that evening."

{¶3} A second detective, John Hall, was driving an undercover vehicle that held a confidential reliable informant ("CRI"). According to Det. Preston, when the CRI arrived at East 118th and Kinsman, a male approached the CRI. The male was later identified as Winn. Preston testified that as the CRI and Winn walked across Kinsman, there was a "hand-to-hand exchange." The CRI then provided Preston a predetermined signal to indicate a completed drug transaction.

{¶4} The undercover detectives provided Winn's description to other members of the team and kept watching the CRI and Winn until the takedown units arrived at their location. Det. Hall recovered from the CRI one rock of suspected crack cocaine. The rock weighed 0.14 grams.

{¶5} When questioned by the state about the CRI, Det. Preston testified that the CRI did not have any drugs in his possession prior to his meeting with Winn. The detective confirmed that he "[a]lways check[s] for drugs, weapons, [and] contraband" on a CRI. He later admitted that Det. Hall conducted the search of the CRI in the fourth district's parking lot.

{¶6} Sergeant Ron Ross was the officer in charge of the vice unit on May 17, 2010. As a member of a takedown unit, he was a couple of blocks away from the controlled buy location. He confirmed that Winn matched the description provided by either Preston or Hall, and there were no other individuals in the vicinity. Because vice cars do not have cages for suspects, he called for a uniform car after Winn was secured by other officers. Ross, however, could not recall who actually arrested Winn or searched him.

{¶7} Det. Hall has 18 years of experience as a police officer with more than 14 years of experience in the fourth district vice unit. Hall testified that he had no recollection of the event even though he read the police report. Hall testified that the CRI was dropped off at East 116th and Kinsman, and he walked to the target area of East 118th and Kinsman. He also testified that he kept his eyes on the CRI to ensure the integrity of the controlled buy and the CRI's safety. When questioned by defense counsel as to how he can testify to the integrity of the buy, including a search of the CRI for money, weapons, and contraband prior to the sale, given his inability to remember it,

Hall responded, "[w]ell, because it's the 100 percent routine, ordinary way we conduct our buy-bust operations."

**{¶8}** Winn was indicted on May 26, 2010. The three-count indictment contained two counts of drug trafficking, in violation of R.C. 2925.03(A)(1) and (A)(2), and one count of drug possession, in violation of R.C. 2925.11(A).

**{¶9}** Winn rejected the state's plea offer, and proceeded to trial before a jury on January 23, 2012. The jury found Winn guilty on all three counts. After the trial court merged the three counts, the state elected to proceed under Count 1. The trial court sentenced Winn to eight months in prison, but he was ordered released for time served.

**{¶10}** Winn timely appealed and sets forth four assignments of error. In his first two assignments, Winn argues the weight and sufficiency of the evidence do not support his conviction. He argues in his third assignment of error that defense counsel was ineffective in failing to object to testimony elicited without personal knowledge. Finally, in his fourth assignment of error, Winn argues that he was denied due process of law by the trial court's failure to dismiss the indictment based on a violation of his speedy trial rights. For the following reasons, we affirm.

**{¶11}** Winn challenges his conviction in the first and second assignments of error as being both against the manifest weight of the evidence and not supported by sufficient evidence. He argues that the detectives' inability to recall the details of the evening, Det. Preston's inability to see what was exchanged between the CRI and Winn, and the

fact that no controlled buy money was found on Winn at the time of his arrest require a reversal of his conviction.

**{¶12}** When an appellate court reviews a claim of insufficient evidence, "'the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37.

**{¶13}** On the other hand, the weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one side of the issue rather than the other. *State v. Robinson*, 8th Dist. No. 96463, 2011-Ohio-6077, ¶ 14, citing *State v. Brindley*, 10th Dist. No. 01AP-926, 2002-Ohio-2425, ¶ 16. When presented with a challenge to the manifest weight of the evidence, an appellate court, after

> "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."

*State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). An appellate court should reserve reversal of a conviction as being against the manifest weight of the

evidence for only the most "'exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*

**{¶14}** Although sufficiency and manifest weight are different legal concepts, manifest weight may subsume sufficiency in conducting the analysis, that is, a finding that a conviction is supported by the manifest weight of the evidence necessarily includes a finding of sufficiency. *Cleveland v. Kirkpatrick*, 8th Dist. No. 94950, 2011-Ohio-2257, ¶ 26, citing *State v. Braxton*, 10th Dist. No. 04AP-725, 2005-Ohio-2198, ¶ 15. "'[T]hus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency.'" *Kirkpatrick*, quoting *Braxton*, ¶ 15.

**{¶15}** In applying the appropriate standard, we conclude the weight of the evidence supports Winn's conviction for drug trafficking. Det. Preston testified that he saw Winn approach the CRI and a hand-to-hand exchange occurred between them. The CRI gave Preston a predetermined signal to confirm the drug buy. Both Preston and Det. Hall radioed Winn's description to the takedown units, and the units arrested Winn, the only individual in the area who matched the description. The CRI later provided a rock of crack cocaine to Hall. Both Preston and Hall testified that it is standard police procedure to search a CRI before a controlled buy to make sure he or she is not carrying drugs, weapons, or other contraband. All three officers testified that it is not uncommon to not find controlled buy money on a suspect because he or she can easily dispose of it prior to apprehension and arrest.

**{¶16}** We find the jury did not clearly lose its way and create such a manifest miscarriage of justice requiring a reversal of Winn's conviction and an order for new trial. *Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. Our finding that the conviction is supported by the manifest weight of the evidence necessarily includes a finding of sufficiency. *Kirkpatrick*, 8th Dist. No. 94950, 2011-Ohio-2257.

**{¶17}** Winn's first and second assignments of error are overruled.

**{¶18}** In his third assignment of error, Winn argues he was denied the effective assistance of counsel by counsel's failure to object to the testimony of both Det. Preston and Det. Hall. He essentially relies on the same assertions contained in his first and second assignments of error relating to Preston's inability to recall further details and Hall's total lack of memory. In other words, neither detective asserted personal knowledge of the event beyond knowledge of standard police procedure, a violation of Evid.R. 403(A) and 602.

**{¶19}** To establish ineffective assistance of counsel, a defendant must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. Pursuant to *Strickland*, courts need not undertake analysis of both prongs: "[i]n particular, a court need not determine whether counsel's performance was deficient

before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland* at 697; *accord Bradley* at 143.

{¶20} Ultimately, Winn presents a question of credibility. The credibility of witnesses and the weight to be given to their testimony are matters for the trier of fact to resolve. *Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37. The jury's guilty verdicts reflect that it found the testimony of the state's witnesses to be credible. Preston testified that Hall searched the CRI prior to the buy, and he did not have any drugs in his possession. Given Preston's and Hall's testimony about standard procedure when handling a CRI, a reasonable fact finder could find that the standard procedure of searching a CRI for money, weapons, and contraband prior to a controlled buy occurred in this case.

{¶21} Moreover, all of the state's witnesses recognized what they could, and could not, remember about the events of May 17, 2010. Det. Hall specifically testified that he could not recall the event at all, and he wanted to be truthful about his lack of memory. Under these circumstances, we do not find that Winn suffered any prejudice as a result of trial counsel's failure to object to the detectives' testimony.

{¶22} Winn's third assignment of error is accordingly overruled.

{¶23} In his fourth assignment of error, Winn challenges the trial court's denial of his motion to dismiss the indictment because his speedy trial time lapsed before he was brought to trial. His argument is premised on the violation of both his constitutional and statutory speedy trial rights.

**{¶24}** An accused is guaranteed the constitutional right to a speedy trial pursuant to the Sixth and Fourteenth Amendments of the United States Constitution and Section 10, Article I, of the Ohio Constitution. *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72, ¶ 32. These speedy trial rights are essentially equivalent. *State v. Butler*, 19 Ohio St.2d 55, 57, 249 N.E.2d 818 (1969). Ohio's speedy trial statutes, found in R.C. 2945.71, et seq., were implemented to enforce these constitutional guarantees. *Brecksville v. Cook*, 75 Ohio St.3d 53, 55, 1996-Ohio-171, 661 N.E.2d 706; *State v. Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319, ¶ 10.

**{¶25}** R.C. 2945.71(C)(2) requires a criminal defendant against whom a felony charge is pending to be brought to trial within 270 days from the date of his arrest. "A felony charge is not 'pending' under the statute until the accused has been formally charged by a criminal complaint or indictment, is held pending the filing of charges, or is released on bail or recognizance." *State v. Pilgrim*, 10th Dist. No. 08AP-993, 2009-Ohio-5357, ¶ 39, citing *State v. Azbell*, 112 Ohio St.3d 300, 2006-Ohio-6552, 859 N.E.2d 532, syllabus. Winn was released, with no charges being filed, after his arrest on May 17, 2010. He was indicted on May 26, 2010. The speedy trial clock began to run upon the filing of the indictment because Winn "was never subject to 'actual restraints imposed by arrest and holding to answer a criminal charge.'" *Azbell* at ¶ 20, quoting *U.S. v. Marion*, 404 U.S. 307, 320, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

**{¶26}** If a defendant is not brought to trial within the speedy trial limits, the court, upon motion, must discharge the defendant.  R.C. 2945.73(B).  A defendant establishes a prima facie case for discharge based on a speedy trial violation when he or she demonstrates that more than 270 days elapsed before trial.  *See State v. Butcher*, 27 Ohio St.3d 28, 500 N.E.2d 1368 (1986).  The burden then shifts to the state to show R.C. 2945.72 extended the time limit.  *Brecksville* at 55-56.

> **{¶27}** Here, 607 days elapsed between the date of Winn's indictment, May 26, 2010, and the date of trial, January 23, 2012.  He established, therefore, a prima facie case of a speedy trial violation.  Under R.C. 2945.72, the time within which an accused must be brought to trial is extended, however, by:
>
> (A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, * * * provided that the prosecution exercises reasonable diligence to secure his availability;
>
> (B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;
>
> (C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
>
> (D) Any period of delay occasioned by the neglect or improper act of the accused;
>
> (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
>
> * * *

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

* * *

{¶28} The first tolling event occurred on June 28, 2010, when Winn's defense counsel filed various routine discovery motions. *See* R.C. 2945.72(E); *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159. The speedy trial clock is tolled for two days from June 28 until June 30, 2010, when the state responded to the discovery requests, leaving 605 days remaining.

{¶29} On June 30, 2010, the state also filed its own discovery request. Winn never responded to this request. Under these circumstances, the speedy trial clock is tolled for a "reasonable time." This court has interpreted this to mean 30 days. *See In re D.S.*, 8th Dist. No. 97757, 2012-Ohio-2213; *State v. Barb*, 8th Dist. No. 90768, 2008-Ohio-5877. This leaves 575 days remaining, and the date is now July 30, 2010.

{¶30} On July 30, 2010, Winn failed to appear for pretrial, and the court ordered his bond forfeited and capias to issue for his arrest. He was found later that day and placed in custody, but two days are tolled for his non-appearance. *See* R.C. 2945.72(D). The trial court rescheduled the pretrial for August 12, 2010. Winn's bond was revoked on August 3, 2010, but this did not affect the speedy trial calculation because he was also under indictment in a separate matter, Cuyahoga C.P. No. CR-540147. *See* R.C. 2945.72; *State v. Coleman*, 45 Ohio St.3d 298, 304, 544 N.E.2d 622 (1989); *State v. Pond*, 8th Dist. No. 91061, 2009-Ohio-849.

**{¶31}** Winn's multiple requests thereafter for continuance of pretrial and other evidentiary motions tolled the speedy trial clock from August 12, 2010 through October 7, 2010. This deducts 56 days from the remaining balance of 573 days, leaving 517 days. To the extent that Winn challenges any of the continuances noted in the record to be "at defendant's request," it is well-established that a defendant is bound by the actions of counsel in waiving speedy trial rights by seeking or agreeing to a continuance, even over the defendant's objections. *State v. McQueen*, 10th Dist. No. 09AP-195, 2009-Ohio-6272, ¶ 37, citing *State v. McBreen*, 54 Ohio St.2d 315, 376 N.E.2d 593 (1978). *See* R.C. 2945.72(H); *State v. Brown*, 7th Dist. No. 03-MA-32, 2005-Ohio-2939, ¶ 41-44.

**{¶32}** The speedy trial clock restarted on October 7, 2010, after the trial court referred the case on October 6, 2010, for reassignment to the mental health court. On October 21, 2010, the trial court continued the pretrial that day to October 27, 2010, at Winn's request. Winn's counsel also filed a motion to withdraw on October 27, 2010. The trial court rescheduled the October 27, 2010 pretrial to November 10, 2010, and the November 10, 2010 pretrial to November 18, 2010, both at Winn's request. The clock restarted on November 19, 2010, a day after the trial court set pretrial for November 18, 2010. Twenty-eight days (from October 21, 2010 through November 18, 2011) are, therefore, deducted from 517, leaving a balance of 489 days. *See* R.C. 2945.72(C) and (H).

**{¶33}** On December 14, 2010, the trial court set a hearing date of January 12, 2011. No tolling event occurred between November 18, 2010 and December 14, 2010. On January 12, 2011, the trial court continued the trial to February 23, 2011, at Winn's request and because the court was engaged in another case. Speedy trial time was, therefore, tolled between these dates (from January 12, 2011 through February 23, 2011) for a total of 42 days, leaving a balance of 447 days. *See* R.C. 2945.72(H).

**{¶34}** On February 23, 2011, the date set for trial, Winn requested a competency evaluation. Speedy trial time is tolled until March 4, 2011, when the state responded to Winn's February 8, 2011 pro se motion to dismiss for lack of speedy trial. Time was, therefore, tolled for nine days (from February 23, 2011 through March 4, 2011), leaving 438 days. *See* R.C. 2945.72(B) and (E).

**{¶35}** On May 2, 2011, the trial court ordered bond forfeiture and capias to issue for Winn because he was in custody of the federal authorities. The capias lifted on May 26, 2011. Speedy trial time is thus tolled by 24 days, leaving a balance of 414 days. *See* R.C. 2945.72(A). Because Winn failed to provide this court with any evidence that would demonstrate that the state failed to exercise reasonable diligence to secure his availability, his unavailability tolled the speedy trial time. *See State v. Howard*, 79 Ohio App.3d 705, 607 N.E.2d 1121 (8th Dist.1992), citing *Bates & Springer, Inc. v. Stallworth*, 56 Ohio App.2d 223, 382 N.E.2d 1179 (8th Dist.1978).

**{¶36}** The next tolling event occurred at a June 13, 2011 pretrial when the trial court referred Winn for a competency evaluation. Both parties stipulated to the

psychiatric reports on August 8, 2011. The trial court also reset the trial date for September 7, 2011. Speedy trial time was, therefore, reduced by 56 days (from June 13, 2011 through August 8, 2011). *See* R.C. 2945.72(B). The time remaining is 358 days.

{¶37} Time is once again tolled for lack of defense counsel from September 7, 2011 through September 29, 2011, when the trial court appointed new counsel. *See* R.C. 2942.75(C). Deducting these 22 elapsed days from 358, leaves 336 days.

{¶38} Newly appointed defense counsel tolls time on September 29, 2011, when he filed routine discovery requests. *See* R.C. 2945.72(E). The speedy trial clock restarts on November 2, 2011, when the trial court set a pretrial hearing at Winn's request. The docket, however, does not have an entry pertaining to this prehearing. The time between November 2, 2011 and November 23, 2011, the date of the next pretrial, is not considered tolled. Nonetheless, 34 days are tolled between September 29, 2011 and November 2, 2011, leaving 302 days.

{¶39} The docket reflects that from November 23, 2011 through the actual date of trial, January 23, 2012, Winn requested the continuance of all remaining pretrial hearings and the date of trial. An additional 61 days are, therefore, tolled, leaving a balance of 241 days. *See* R.C. 2945.72(H).

{¶40} On this record, there was no statutory speedy trial violation.

{¶41} We also find that Winn's constitutional speedy trial rights were not violated. In *State v. O'Brien*, 34 Ohio St.3d 7, 516 N.E.2d 218 (1987), the Supreme Court of Ohio stated that statutory and constitutional speedy trial provisions are co-extensive, but that

the constitutional guarantees may be broader than statutory provisions in some circumstances. A defendant's Sixth Amendment rights to a speedy trial may be violated, however, even though the state complied with the statutory provisions implementing that right. *Id*. at 9.

{¶42} Because we find no statutory speedy trial violation, Winn must demonstrate that the trial court and state violated his constitutional speedy trial rights. *State v. Lenard*, 8th Dist. Nos. 96975 and 97570, 2012-Ohio-1636, ¶ 67, citing *State v. Gaines*, 9th Dist. No. 00CA008298, 2004-Ohio-3407, ¶ 16. In order to determine whether a defendant sustained constitutional speedy trial violations, this court balances four factors: "'Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.'" *O'Brien* at 10, quoting *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

{¶43} According to the United States Supreme Court, the "length of delay" involves a double inquiry. *Doggett v. United States*, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). The defendant must first make a threshold showing of a "presumptively prejudicial" delay to trigger application of the *Barker* analysis. *Doggett* at 650, citing *Barker* at 530-531; *State v. Miller*, 10th Dist. No. 04AP-285, 2005-Ohio-518, ¶ 11. After the initial threshold showing by defendant, this court considers the length of delay with the other *Barker* factors. *Doggett* at 652, citing *Barker* at 533-534; *Miller* at *id*.

**{¶44}** Generally, courts have found that a delay approaching one year becomes "presumptively prejudicial." *Doggett* at 652, fn. 1. This case was pending for over one and a half years. Winn during that time, however, requested numerous continuances, filed many motions, changed counsel, and underwent competency evaluations. All of these items were for Winn's benefit. The trial court also ordered capias to issue for his arrest when he failed to appear for prehearing. In light of the totality of the circumstances, we are not persuaded that the delay was so presumptively prejudicial as to trigger consideration of the *Barker* factors.

**{¶45}** Even assuming that we found the delay presumptively prejudicial, we would not conclude that the *Barker* factors weigh in Winn's favor. Winn is primarily unable to establish any prejudice resulting from the delay because the delay was the result, in large part, of his own actions, and he was incarcerated on federal charges during this time.

**{¶46}** Finding that Winn was not denied his right to a speedy trial pursuant to the United States and Ohio Constitutions, and R.C. 2941.401, we find that the trial court did not err in denying his motion to dismiss based on his right to a speedy trial.

**{¶47}** Winn's fourth assignment of error is overruled.

**{¶48}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR