[Cite as *State v. Walker*, 2013-Ohio-3522.]

<span style="color:red">[Please see vacated opinion at 2013-Ohio-3148.]</span>

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99239**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## QUINTINE M. WALKER

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED; REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-545422

**BEFORE:**   Blackmon, J., Boyle, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   August 15, 2013

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: James Hofelich
Milko Cecez
Daniel T. Van
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

ON RECONSIDERATION[1]

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Quintine M. Walker ("Walker") appeals his convictions for aggravated robbery and having a weapon while under disability, and assigns six errors for our review.[2]

{¶2} Having reviewed the record and relevant law, we affirm Walker's convictions but remand the matter for the trial court to calculate the jail-time credit to which Walker is entitled. The apposite facts follow.

**Facts**

{¶3} The Cuyahoga County Grand Jury indicted Walker on 11 counts: two counts for aggravated robbery, four counts for kidnapping, two counts for felonious assault, one count for theft, one count for having a weapon while under disability, and one count for contributing to the delinquency of a minor. The charges arose from the robbery of two pizza delivery men at gunpoint by Walker and his codefendants: L.B.[3], Emmanual Jackson ("Jackson"), and Oliver Finklea ("Finklea").

{¶4} L.B., Jackson, Finklea, and Walker were socializing the evening of December 16, 2010 at L.B.'s house, when they came up with the plan to commit a robbery. Around 1:00 a.m., on December 17, 2010, L.B. ordered several pizzas, wings,

---

[1]The original announcement of decision, State v. Walker, 8th Dist. Cuyahoga App. No. 99239, 2013-Ohio-3148, released July 18, 2013, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.0(1).

[2]See appendix.

[3]Codefendant L.B. is a minor; therefore, she is referred to by her initials.

and pop from Arcade Pizza, the only pizza shop in the area that would deliver late at night. She gave the delivery address as 6717 Fullerton Road, which was a house where no one was home across from L.B.'s house. The plan was for L.B. to act like she was the customer, while the other three robbed the delivery man. Walker had a .9mm handgun that Jackson took from him to use during the robbery.

{¶5} Two Arcade Pizza delivery employees delivered the pizza, Joseph Salatino ("Salatino") and Sam Jeffrey ("Jeffrey"). Salatino removed the pizzas from the car and walked towards L.B. who was walking from the back of the house. As Salatino approached L.B., Jackson pulled out the gun and ordered L.B. and Salatino to get on the ground. While Jackson searched Salatino, Finklea and Walker went to the car and ordered Jeffrey to exit. Because the passenger door was not working, Finklea pulled him out through the driver's side. Both Finklea and Walker searched the victims' pockets and the car.

{¶6} Once the group retrieved the men's cell phones, Salatino's jacket, wallet and gloves, Jackson shot the gun in the air and ordered the men to run. The delivery men ran towards the field next to the home. Jeffrey turned to look back at the men twice and each time Jackson fired a shot at him. Jeffrey and Salatino eventually returned to the car when they saw the group had left. They drove back to the pizza shop where they called the police.

{¶7} After the robbery, the group ran across the street to return to L.B.'s house. However, after hearing the gunshots, L.B.'s mother told them to leave. After gathering their property, they left and went to DeWayne McClough's ("McClough") house, which

was located down the street, where they divided the proceeds from the robbery. L.B. and Jackson then left, while Walker and Finklea spent the night at McClough's house. The next day, Walker and Finklea were arrested at McClough's house, while L.B. and Jackson were arrested at another house.

{¶8} Prior to the pizza delivery men calling the police, the police had already been called by a resident on Fullerton who heard the shots fired. The police had also received an anonymous call directing them to L.B.'s house. The police recovered two .9mm shell casings from the outside area of the house where the pizzas were delivered.

{¶9} The jury found Walker guilty of aggravated robbery and kidnapping, both with firearm specifications, and petty theft. They found Walker not guilty of the remaining counts. The trial court conducted a separate hearing that found Walker guilty of having a weapon while under disability. Upon remand from this court, the trial court merged all the offenses, except for the weapons while under disability count with the aggravated robbery count, and merged all the firearm specifications. The trial court sentenced Walker to concurrent three-year terms for the aggravated robbery and having weapons while under disability counts to be served consecutively to the three-year firearm specification, for a total of six years.

## Speedy Trial

{¶10} In his first assigned error, Walker argues that the trial court erred by failing to grant his motion to dismiss for lack of a speedy trial.

{¶11} The Sixth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution guarantee an accused the right to a speedy and public

trial. *State v. Ginley*, 8th Dist. Cuyahoga No. 90724, 2009-Ohio-30. The standard of review that appellate courts apply to speedy trial issues is to count days as set forth in R.C. 2945.71. *State v. Stevens*, 8th Dist. Cuyahoga No. 87693, 2006-Ohio-5914. Trial must be held within 270 days of arrest in order to effectuate a speedy trial. R.C. 2945.71(C)(2). However, pursuant to R.C. 2945.71(E), each day spent in jail "on a pending charge" acts as three days toward speedy trial time, thus 90 days time in jail would equate to 270 days using the triple-count provision.

{¶12} Walker was arrested on December 17, 2010. Because he was incarcerated while awaiting trial, the state had 90 days to bring Walker to trial. The date of arrest is not included in the calculation of days in determining a speedy trial violation. *State v. Steiner*, 71 Ohio App.3d 249, 250-51, 593 N.E.2d 368 (9th Dist.1991); *State v. Thieshen*, 55 Ohio App.2d 99, 379 N.E.2d 622 (3d Dist.1977). Thus, Walker's speedy trial time commenced on December 18, 2010.

{¶13} Although the trial did not commence until January 3, 2012, the trial court had set the matter for trial several other times only to have it continued by various tolling events. Based on the various tolling events, the trial court denied Walker's motion to dismiss because it concluded only 77 days had elapsed. Walker contends the trial court failed to include 58 days.

{¶14} Pursuant to R.C. 2945.72, a speedy trial time may be tolled by several events, including the following:

> **(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;**

**(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;**

**\* \* \***

**(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;**

**\* \* \***

**(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;**

{¶15} Walker filed a demand for discovery on January 6, 2011. "A demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E). *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, at syllabus. Thus, his speedy trial time was tolled until the state responded in a "reasonably timely manner." *State v. McDonald*, 153 Ohio App.3d 679, 2003-Ohio-4342 (8th Dist.) We have held that that a "reasonable time" equates to 30 days. *State v. Byrd,* 8th Dist. Cuyahoga No. 91433, 2009-Ohio-3283; *State v. Barb*, 8th Dist. Cuyahoga No. 90768, 2008-Ohio-5877. Here, the state did not respond to Walker's discovery demand until June 6, 2011. Thus, using the reasonableness standard, Walker's motion tolled the time for 30 days. Although the court in its entry stated the time was tolled until February 6, the thirtieth day ends on February 5.

**{¶16}** On February 14, 2011, Walker filed a motion to disqualify counsel, that operated to toll the time for trial. R.C. 2945.72(C); *State v. Hiatt*, 120 Ohio App.3d 247, 259-263, 697 N.E.2d 1025 (4th Dist.1997); *State v. Friedlander*, 8th Dist. Cuyahoga No. 90084, 2009-Ohio-3370, ¶ 19; *State v. Halder*, 8th Dist. Cuyahoga No. 87974, 2008-Ohio-3345, ¶ 8. Thus, Walker's motion tolled the time until the court assigned new counsel on February 23, 2011.

**{¶17}** The court then tolled the time from February 23 until the scheduled pretrial on March 7, 2011, stating that both parties agreed that the time was tolled. On appeal, Walker claims there is no evidence that he agreed to toll that time period; however, at the November 15, 2011 speedy trial hearing, his counsel stated, "At that time [Feb. 23, 2011], Regis McGann was assigned. The matter was continued for a pretrial on March 7. Again, no speedy trial time was applied by me for that continuance." Tr. 168. Thus, he did agree to toll the time during that time period. Moreover, because counsel had just been assigned on February 23, the continuance until March 7, 2011 was reasonable in order to give counsel time to become familiar with the case. *State v. Pirkel*, 8th Dist. Cuyahoga No. 93305, 2010-Ohio-1858.

**{¶18}** On March 9,[4] the final pretrial was continued at defendant's request until March 15. On March 15, the pretrial was again continued at defendant's request until March 28, and on March 28 it was continued at defendant's request until March 31, 2011.

---

[4]The record does not show why the pretrial did not go forth on March 7. Therefore, the two-day delay in holding the hearing does not count against Walker.

All of these continuances at Walker's request, tolled the calculation of Walker's speedy trial time. R.C. 2945.72(H).

{¶19} In addition to the above pretrial continuances, on March 16, 2011, Walker filed a motion for discovery. As we discussed above, the motion for discovery tolls the time until the state responds or until a reasonable amount of time has passed. This court has deemed 30 days as reasonable. Because of the overlap with Walker's continuances, only 15 days are tolled based on the discovery request.

{¶20} On April 27, 2011, Walker filed a motion for a grand jury transcript, that constitutes a tolling event under R.C. 2945.72(E). The court never ruled on the motion. However, motions filed by the defense toll the speedy trial time under R.C. 2945.72(E) for a "reasonable period" to allow the state an opportunity to respond and the court an opportunity to rule. *See State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283. Therefore, because 30 days has been determined to be a reasonable time, the motion tolled the time for 30 days.

{¶21} On May 2, 2011, Walker filed another motion for discovery and also filed a motion to disclose Evid.R. 404(B) evidence prior to trial. The prosecutor responded to the discovery motions on June 6, 2011. Although this was beyond the 30 days we have stated constituted a reasonable response time to discovery, the trial court concluded that a 34-day response time was reasonable because Walker's counsel consented to the reasonableness of the response time at the November 15, 2011 hearing. Our review of the hearing, indicates counsel stated, that he did not add the additional days in his computation of the speedy trial time, although he also stated they "arguably" could be

considered. Tr. 171. Given the overlap with the grand jury transcript request, which tolled the time until May 27, Walker's motion for discovery with the state's response of 34 days, tolled the time an additional nine days.

{¶22} On June 6, 2011, the trial court continued a pretrial at defendant's request until June 22, 2011, further tolling the time. On June 6, the state also filed a motion for reciprocal discovery Walker responded 58 days later. Under these circumstances, the speedy trial clock was tolled for the reasonable response time of 30 days. *State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011; *State v. Winn*, 8th Dist. Cuyahoga No. 98172, 2012-Ohio-5888; *In re D.S.*, 8th Dist. Cuyahoga No. 97757, 2012-Ohio-2213; *Barb*, 8th Dist. Cuyahoga No. 90768, 2008-Ohio-5877. Given the overlap with the time tolled for the continued pretrial, this resulted in an additional 14 days being tolled.

{¶23} Additionally, starting June 7, 2011 through August 8, 2011, Walker filed several motions pro se.[5] Walker argues the trial court should not have considered these motions as tolling events because Walker was represented by counsel. We agree that most of the motions were moot. The court, however, contended it considered the pro se motions argued by his counsel at the July and August hearings. However, the only motion argued by counsel was Walker's motion to dismiss that he filed on July 18, 2011.

---

[5]Walker filed the tolling motions: a motion requesting his assigned counsel to file a motion to suppress statements; a motion indicating he did not give consent for any continuances; a motion for separate trials from his codefendants; a motion that he did not consent to any more evidence motions that would toll his speedy trial time; a motion to inspect the grand jury transcript and a motion to dismiss for lack of a speedy trial.

This motion was argued on Walker's behalf by counsel at the August 30, 2011 hearing and was denied by the court on September 20, 2011. We conclude this was the only pro se motion that tolled the time. The court also references a motion to suppress, but the pro se motion only states that Walker requested counsel to file such a motion, and the record reflects that counsel never argued the motion.

{¶24} On June 30, 2011, Walker filed a motion to compel, and the court conducted a hearing on the motion on July 17, 2011. The court tolled this time period. We disagree that this motion should toll the time because the motion to compel discovery was necessitated by the state's failure to fully comply with Walker's earlier discovery request; thus, any delay caused by the motion was not chargeable to him and does not toll the speedy trial time. *State v. Ferrell*, 8th Dist. Cuyahoga No. 93003, 2010-Ohio- 2882; *State v. McDaniel*, 2d Dist. Miami No. 93-CA-38, 1994 Ohio App. LEXIS 3141 (July 13, 1994).

{¶25} On July 20, 2011, the trial court continued the final pretrial until July 26 at defendant's request, tolling the speedy-trial time. On August 4, 2011, the trial court continued the final pretrial to August 11 at defendant's request, tolling the time. Also on August 4, 2011, Walker filed a motion for separate trials, that tolled the time until it was granted on August 31, 2011. Given that these events overlap with other tolling events, they did not add any more time to the tolling of the trial.

{¶26} On September 6, 2011, prior to the commencement of the trial, defense counsel requested that Walker's competency be evaluated. Therefore, the trial court referred Walker to the psychiatry clinic for evaluation. This tolled the time until October

18, 2011, when Walker was found to be competent. *State v. Palmer*, 84 Ohio St.3d 103, 1998-Ohio-507, 702 N.E.2d 72.

{¶27} On November 7, 2011, Walker filed another motion to dismiss based on his right to a speedy trial. This tolled the time until the court denied the motion on November 21, 2011. *State v. Hopkins*, 8th Dist. Cuyahoga No. 90005, 2008-Ohio-3558, ¶ 33; *Byrd*, 8th Dist. Cuyahoga No. 91433, 2009-Ohio-3283, ¶ 23.

{¶28} Thereafter, both parties requested that the trial be continued until December 12, 2011 due to scheduling conflicts. The trial court had to further continue the trial until January 3, 2012 due to a conflict with the court's schedule. Scheduling and docketing conflicts are reasonable grounds for extending an accused's trial date beyond the speedy trial limit date. *State v. Lee*, 48 Ohio St.2d 208, 357 N.E.2d 1095 (1976); *State v. Saffell,* 35 Ohio St.3d 90, 92, 518 N.E.2d 934 (1988).

{¶29} We conclude that although the trial court erred by tolling some days that should not have been tolled, it did not err by denying Walker's motion to dismiss. According to our calculation, only 78 days had expired towards Walker's speedy trial time. Walker's first assigned error is overruled.

## Ineffective Assistance of Counsel

{¶30} In his second assigned error, Walker argues that counsel was ineffective for waiving any speedy trial days that would have counted towards the count.

{¶31} To establish a claim for ineffective assistance of counsel, Walker must show that his counsel's performance was deficient and that deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v.*

*Bradley*, 423 Ohio St.3d 136, 538 N.E.2d 373 (1989). Under *Strickland*, our scrutiny of an attorney's work must be highly deferential, and we must indulge "a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Id.* at 688.

{¶32} Walker contends his counsel was ineffective for waiving four days in conjunction with the state's response to his discovery. The state responded in 34 days instead of the "reasonable time" of 30 days. "A defendant's right to be brought to trial within the time limits expressed in R.C. 2945.71 may be waived by his counsel for reasons of trial preparation and the defendant is bound by the waiver even though the waiver is executed without his consent." *State v. McBreen*, 54 Ohio St.2d 315, 376 N.E.2d 593 (1978), syllabus.

{¶33} Moreover, even if we add those four days to Walker's speedy-trial time, only 81 days would have elapsed. He would still have been tried well before the 90 days for a speedy trial. Therefore, no prejudice resulted. Accordingly, Walker's second assigned error is overruled.

## Manifest Weight and Sufficiency of Evidence

{¶34} Walker's third and fourth assigned errors will be addressed together as they both concern Walker's argument that there was no credible evidence that he participated in the robbery because the victims could not identify him, and his codefendants were no credible.

{¶35} In *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, the Ohio Supreme Court addressed the standard of review for a criminal manifest weight challenge, as follows:

> **The criminal manifest-weight-of-the-evidence standard was explained in *State v. Thompkins* (1997), 78 Ohio St.3d 380, 1997 Ohio 52, 678 N.E.2d 541. In *Thompkins*, the court distinguished between sufficiency of the evidence and manifest weight of the evidence, finding that these concepts differ both qualitatively and quantitatively. *Id*. at 386, 678 N.E.2d 541. The court held that sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, but weight of the evidence addresses the evidence's effect of inducing belief. *Id.* at 386-387, 678 N.E.2d 541. In other words, a reviewing court asks whose evidence is more persuasive — the state's or the defendant's? We went on to hold that although there may be sufficient evidence to support a judgment, it could nevertheless be against the manifest weight of the evidence. *Id*. at 387, 678 N.E.2d 541. "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Id*. at 387, 678 N.E.2d 541, citing *Tibbs v. Florida* (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652.**

*Id.* at ¶ 25.

**{¶36}** An appellate court may not merely substitute its view for that of the jury, but must find that "in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins* at 387. Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case that the evidence weighs heavily against the conviction." *Id.*

**{¶37}** Walker contends that although Finklea and L.B. implicated him in the robbery, they were not credible witnesses because they had received plea deals in exchange for their testimony and had been smoking pot the entire day prior to the robbery. Finklea had testified that Walker had invited him to participate in a robbery and brought him back to L.B.'s house to help with the planning. He also stated that Walker initially had the gun, but that Jackson took the gun from Walker prior to robbery; that Walker was present when they all decided where to hide prior to the delivery of the pizza; that he and Walker searched the delivery men's pockets; and that the four of them split the money after the robbery.

**{¶38}** L.B. testified that Walker was at her house while the group planned the robbery. She stated that Finklea was the one that came up with the idea to rob a pizza delivery man, but that she, Walker, and Jackson were in agreement. She also stated Walker brought the gun, but that Jackson took it from him; that Walker hid with her behind bushes prior to the pizza delivery; that she observed Walker searching the delivery

man's car; and that they split the proceeds at McClough's house where Finklea also gave Walker one of the cell phones.

{¶39} This testimony directly implicates Walker in the planning and carrying out of the robbery. Therefore, he was not merely present at the robbery, but was actively involved. Whether to believe these witnesses was for the jury to determine. The testimony of these two witnesses was consistent, and the jury was aware that they had entered into pleas and had been smoking pot. We defer to the jury as to whether the witnesses were credible because the jury is best able to weigh the evidence and judge the credibility of witnesses by viewing the demeanor, voice inflections, and gestures of the witnesses testifying. *See Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1994); *State v. DeHass*, 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967). We conclude there is no reason to veer from this deference.

{¶40} Additionally, L.B.'s mother, who was not smoking pot and did not participate in the robbery, testified that she saw Walker, along with the other men at her home prior to the robbery. She said that when she walked into the kitchen where they were, "it looked like I had just walked in on something." She said after the gunshots, all four of them tried to get back into her house, but she told all four of them to leave. McClough, who also did not participate in the robbery, stated that Walker came to his house with the other three and that they had pizza and pop. He watched as they split the money. He noticed Walker had a bulge in his pants by his hip, that looked like a gun. Thus, these two other witnesses corroborated Finklea's and L.B.'s testimony.

**{¶41}** Walker also contends his conviction for aggravated robbery was not supported by sufficient evidence. Crim.R. 29 mandates that the trial court issue a judgment of acquittal where the state's evidence is insufficient to sustain a conviction for the offense. Crim.R. 29(A) and a sufficiency of the evidence review require the same analysis. *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386.

**{¶42}** In analyzing whether a conviction is supported by sufficient evidence, the reviewing court must view the evidence "in the light most favorable to the prosecution" and ask whether "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; *State v. Carter*, 72 Ohio St.3d 545, 1995-Ohio-104, 651 N.E.2d 965.

**{¶43}** Walker simply reiterates his arguments from his manifest weight of the evidence argument and contends that because the testimony of Walker's codefendants was not credible, there was no evidence that Walker committed any criminal conduct besides receiving a cell phone. However, as we stated, we defer to the jury regarding the credibility of the witnesses. The jury obviously believed the testimony. Based on the codefendants' testimony, L.B.'s mother's testimony, and McClough's testimony, there was evidence that Walker helped plan the robbery, provided the gun for the robbery, and participated in the robbery by searching the victims' pockets and car. This evidence was sufficient to support a conviction for aggravated robbery pursuant to R.C. 2911.02(A)(1). Accordingly, Walker's third and fourth assigned errors are overruled.

## Hearsay

{¶44} In his fifth assigned error, Walker contends the trial court erred by allowing Officer Messer to testify that McClough told him that a scarf and neck warmer found at McClough's house belonged to Walker.

{¶45} Even if this statement was hearsay, we do not see how it was prejudicial. McClough testified that Walker and Finklea were arrested at his house the morning of December 17, 2010. Therefore, the jury was aware that Walker was present at McClough's house. Error is harmless when there is no reasonable probability that the jury would have acquitted the defendant had the evidence not been admitted. *State v. Brown*, 65 Ohio St.3d 482, 605 N.E.2d 45 (1992). The scarf and neck warmer were not crucial evidence in the instant case and did not play a part in Walker's conviction. Accordingly, Walker's fifth assigned error is overruled.

## Credit for Jail Time

{¶46} In his sixth assigned error, Walker contends the trial court erred by not giving him credit for jail time. Prior to his sentencing, Walker submitted a motion for jail-time credit that was never ruled upon by the trial court.

{¶47} R.C. 2967.191 requires that an offender's prison term be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced [.]" "Although the [department of rehabilitation and correction] has a mandatory duty pursuant to R.C. 2967.191 to credit an inmate with the jail time already served, it is the trial court that makes the factual determination as to the number of days of confinement that a defendant

is entitled to have credited toward his sentence." *State ex rel. Rankin v. Ohio Adult Parole Authority*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7.  Thus, we remand the matter for the trial court to calculate the amount of jail-time credit to which Walker is entitled.   Accordingly, Walker's sixth assigned error is overruled.

**{¶48}**   Judgment is affirmed, and the matter remanded for the calculation of jail-time credit.

It is ordered that appellant and appellee share the costs herein taxed.  The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the court of common pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
KENNETH A. ROCCO, J., CONCUR

## APPENDIX

**Assignments of Error**

> **I.   Defendant was denied due process of law by lapse of his speedy trial time.**
>
> **II.   Defense counsel was ineffective in failing to properly argue speedy trial time to the trial court.**
>
> **III.   The manifest weight of the evidence did not support appellant's convictions for aggravated robbery, kidnapping, or theft.**

**IV.   Insufficient evidence supported any of appellant's convictions.**

**V.   The trial court erred in allowing hearsay evidence over defense counsel objection.**

**VI.   The trial court erred in failing to grant appellant jail time credit.**