[Cite as *State v. Hoskin-Hudson*, 2016-Ohio-5410.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103615**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RENEE HOSKIN-HUDSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-592304-A

**BEFORE:** Laster Mays, J., Boyle, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** August 18, 2016

-i-

**ATTORNEY FOR APPELLANT**

Matthew C. Bangerter
Bangerter Law, L.L.C.
P.O. Box 148
Mentor, Ohio 44061


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Eleina Thomas
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant, Renee Hoskin-Hudson ("Hoskin-Hudson"), appeals her conviction and asks this court to reverse the guilty verdict and remand to the trial court. After a thorough review of the record, we affirm.

{¶2} Hoskin-Hudson was found guilty, by a jury, of one count of felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(1), with a one-year firearm specification in violation of R.C. 2941.141(A) and a three-year firearm specification in violation of R.C. 2941.145(A); and one count of felonious assault, a second degree felony, in violation of R.C. 2903.11(A)(2), also with a one-year firearm specification in violation of R.C. 2941.141(A) and a three-year firearm specification in violation of R.C. 2941.145(A). At sentencing, the trial court merged the felonious assault counts and gun specifications. Hoskin-Hudson was sentenced to three years incarceration on the three-year gun specification and two years incarceration on the felonious assault charge, for an aggregate of five years imprisonment.

I.    Facts

{¶3} Donnell Lawshea ("Lawshea") and Hoskin-Hudson were smoking crack cocaine and drinking alcohol in Lawshea's apartment. Lawshea and Hoskin-Hudson got into an argument because Lawshea, who had already sold a rifle and two leather jackets for drugs, wanted to sell a second rifle. Hoskin-Hudson disagreed with this decision and shot Lawshea. Lawshea called 911 and told the dispatcher that Hoskin-Hudson shot

him, and when a police officer arrived on the scene, Lawshea again stated that Hoskin-Hudson shot him.

{¶4} Hoskin-Hudson told an officer that she was upset with Lawshea because he was going to sell the gun for drugs. Hoskin-Hudson said that they tussled with the gun and it went off. In the ambulance, Lawshea told the paramedics that Hoskin-Hudson was holding him against his will and she shot him. Lawshea told the treating physician that Hoskin-Hudson shot him. A forensic test showed gunshot residue on Hoskin-Hudson's hand.

{¶5} During a recorded jail phone call between Lawshea and Hoskin-Hudson, Hoskin-Hudson asked Lawshea to tell the police that he shot himself so she could get out of jail. Lawshea changed his story and told the police that he shot himself, but later admitted that he lied about shooting himself because he did not want to get Hoskin-Hudson in trouble.

{¶6} Hoskin-Hudson was indicted for one count of kidnapping and two counts of felonious assault, both with a one- and three-year firearm specifications. The jury found Hoskin-Hudson guilty of both counts of felonious assault and not guilty of kidnapping. She was sentence to an aggregate of five years imprisonment. Hoskin-Hudson filed this timely appeal where she assigns two errors for our review:

> I. The trial court erred to the prejudice of the defendant-appellant in denying her motion for acquittal made pursuant to Crim.R. 29(A).
>
> II. The trial court erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence.

## II.    Motion For Acquittal

{¶7} A Crim.R. 29(A) motion for acquittal tests the sufficiency of the evidence. *State v. Capp*, 8th Dist. Cuyahoga No. 102919, 2016-Ohio-295, ¶ 19. Crim.R. 29 mandates that the trial court issue a judgment of acquittal where the state's evidence is insufficient to sustain a conviction for an offense. *Id.* Accordingly, an appellate court reviews a trial court's denial of a defendant's motion for acquittal using the same standard it applies when reviewing a sufficiency-of-the-evidence claim. *Id.*

{¶8} When reviewing the sufficiency of the evidence, the appellate court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Id.* at ¶ 20. When performing a sufficiency inquiry, an appellate court does not assess whether the state's evidence is to be believed but whether, if believed, the evidence admitted at trial supported the conviction. *Id.*

{¶9} Hoskin-Hudson argues that the trial court erred in denying her motion for acquittal made pursuant to Crim.R. 29(A). Crim.R. 29(A) states,

> [t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

{¶10} Hoskin-Hudson was charged and convicted of felonious assault in violation of R.C. 2903.11(A). Hoskin-Hudson argues that the evidence was not sufficient for a

conviction of felonious assault in accordance with the statute. The statute reads, "no person shall knowingly do either of the following: (1) cause serious physical harm to another * * *; and (2) cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance." R.C. 2903.11(A). Hoskin-Hudson argues that she did not knowingly cause serious physical harm to Lawshea because she did not know that the gun was loaded.

{¶11} "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B). Lawshea and Hoskin-Hudson were fighting over whether Lawshea should sell the gun for drugs. Hoskin-Hudson did not agree that the gun should be sold. Whether Hoskin-Hudson knew the gun was loaded is not an issue. Hoskin-Hudson was aware that since this was a gun, the circumstance existed that it was probably loaded.

{¶12} We find that the trial court did not err when it denied Hoskin-Hudson's Crim.R. 29(A) motion. The evidence was sufficient to sustain a conviction for felonious assault. Hoskin-Hudson's first assignment of error is overruled.

### III. Manifest Weight of the Evidence

{¶13} In *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, the Ohio Supreme Court addressed the standard of review for a criminal manifest weight

challenge, as follows: "The criminal manifest weight of the evidence standard was explained in *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997)."

> In *Thompkins*, the court distinguished between sufficiency of the evidence and manifest weight of the evidence, finding that these concepts differ both qualitatively and quantitatively. The court held that sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, but weight of the evidence addresses the evidence's effect of inducing belief. In other words, a reviewing court asks whose evidence is more persuasive — the state's or the defendant's? We went on to hold that although there may be sufficient evidence to support a judgment, it could nevertheless be against the manifest weight of the evidence.

*Id.* at ¶ 25.

{¶14} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Tibbs v. Florida,* 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).

{¶15} "An appellate court may not merely substitute its view for that of the factfinder, but must find that 'in resolving conflicts in the evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Walker*, 8th Dist. Cuyahoga No. 99239, 2013-Ohio-3522, ¶ 36, quoting *Thompkins* at 387. "Accordingly, reversal on manifest weight grounds is reserved for the exceptional case where the evidence weighs heavily against the conviction." *State v. Clark*, 8th Dist. Cuyahoga No. 103324, 2016-Ohio-4561, ¶ 25.

**{¶16}** In her second assignment of error, Hoskin-Hudson argues that the trial court erred to her prejudice when it returned a verdict of guilty against the manifest weight of the evidence. In reviewing the evidence, we find the state's evidence more persuasive. Lawshea called 911 after he had been shot and he indicated that Hoskin-Hudson shot him. In the ambulance, on the way to the hospital, he told the paramedic that Hoskin-Hudson shot him. Hoskin-Hudson does not deny shooting Lawshea, but rather that she did not knowingly shoot Lawshea.

**{¶17}** Hoskin-Hudson first claimed that Lawshea raped her, so she shot him. She later retracted that statement. Hoskin-Hudson also claimed that she and Lawshea tussled over the gun, and it accidently went off and shot him. At trial, the state provided expert testimony that the gun could not have accidently fired. The expert explained that with this type of gun, a person would have to intentionally pull the trigger for it to fire.

**{¶18}** Officer Steven Paris ("Officer Paris"), a 14-year veteran of the Warrensville Heights Police Department ("WPD"), testified as a firearms expert. Officer Paris grew up with guns, was a former infantry marine and had extensive training while on the WPD including sniper school. When the gun was removed from the evidence box, the following exchange occurred during trial:

> THE COURT: Can you tell us if the gun is rendered inoperable or has got a safety on it?
>
> THE WITNESS: There is a safety. It's a manually operated firearm meaning it doesn't fire after every trigger pull. You have to manipulate the bolt for a new round to be loaded in the chamber.

(Tr. 318.)

The state began to question the witness as follows:

> THE STATE:  Can you describe to the jury what kind of gun that is and how you know that?

> THE WITNESS:  It's a bolt action 22 caliber rifle.  Again, as I stated, it manually operated. You have to manipulate the bolt handle here to load a new round in the chamber to fire every round.

*Id.*

**{¶19}**  We find that there was persuasive evidence that the gun did not fire accidentally.  We also find that this is not an exceptional case.  Hoskin-Hudson's second assignment of error is overruled.

**{¶20}**  The judgment of the trial court is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry out this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY J. BOYLE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR