[Cite as *Rocky River v. Zorc*, 2018-Ohio-389.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 105596

---

# CITY OF ROCKY RIVER

PLAINTIFF-APPELLEE

vs.

# SCOTT L. ZORC

DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND VACATED

---

Criminal Appeal from the
Rocky River Municipal Court
Case No. 16 TRD 03871

**BEFORE:** Laster Mays, J., Kilbane, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** February 1, 2018

-i-

**ATTORNEY FOR APPELLANT**

Jonathan N. Garver
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

Andrew D. Bemer
Rocky River Law Director

By:   Michael J. O'Shea
Assistant Prosecuting Attorney
Rocky River Law Department
21012 Hilliard Boulevard
Rocky River, Ohio 44116

ANITA LASTER MAYS, J.:

{¶1}  Defendant-appellant Scott L. Zorc ("Zorc") appeals his conviction for failure to change lanes when approaching a stationary public safety vehicle in violation of the city of Rocky River Codified Ordinances 333.031(A)(1).  We reverse and vacate.

I.  **Background and Facts**

{¶2}  On May 18, 2016, the city of Rocky River issued a complaint against Zorc for two traffic violations occurring on April 18, 2016.  Zorc was charged with violating: (1) the city of Rocky River Codified Ordinances 333.031(a)(1) by failing to change lanes when approaching a Rocky River police vehicle with lights activated; and (2) the city of Rocky River Codified Ordinances 333.09(A) due to reckless operation of a motor vehicle.

{¶3}  On June 13, 2016, Zorc entered a plea of not guilty.  A bench trial was conducted before the magistrate on November 3, 2016, and December 1, 2016.  Officers Krebs, Dudas, and Riley from the Westlake police department, and Rocky River police department officers King, Bowen, and Blazer testified.  Exhibits included dash cam videos and still photographs of the dash cam scenes.

{¶4}  On April 18, 2016, at approximately 11:23 a.m., Officer Krebs was involved in a high speed pursuit of a white van that eventually proceeded eastbound on Interstate 90 ("I-90").  Officer Krebs radioed dispatch for assistance from the Westlake and Rocky River police departments.  Officers Dudas and Riley  joined the pursuit. The speed of the vehicles exceeded 90 miles per hour.

{¶5} The three Westlake officers testified that their lights and sirens were activated during the pursuit and that the Rocky River police cruiser positioned on the left side of the highway berm with lights activated during the pursuit ("Rocky River cruiser") was visible from a distance. Officers Blazer and Bowen were manning the Rocky River cruiser and were positioned to deploy stop stick tire deflators to slow down the van. The Westlake officers stated that other vehicles moved over from the far left lane due to the presence of the Rocky River cruiser, demonstrating that the Rocky River cruiser was visible to oncoming traffic.

{¶6} Zorc was traveling eastbound in the far left lane of the three-lane highway ahead of the pursuit. Joint exhibit No. 1, the dash cam video recording from Officer Riley's cruiser, was introduced into evidence during his testimony. Officer Riley pointed out several other cars pulling over to the right lanes in deference to the Rocky River cruiser, but Zorc's vehicle did not.

{¶7} Officer King confirmed that the Westlake police cruisers pursued with lights and sirens activated. He also stated the Rocky River cruiser could be observed from a distance positioned with lights activated.

{¶8} Officers Blazer and Bowen manned the Rocky River cruiser. The lights were activated, but the siren was not. Officer Blazer was positioned in front of the Rocky River cruiser, waiting to throw the stop sticks in front of the approaching van that was proceeding in the far left high speed lane behind appellant's vehicle.

{¶9} Officer Blazer tossed the stop sticks into the lane as Zorc and the van approached. The sticks punctured the van's two left tires and Zorc's right tire. Officer Blazer testified that he and Officer Bowen who continued in pursuit were ordered to return to the scene of Zorc's disabled vehicle. The officers asked Zorc whether he wanted to file an incident report. Zorc mentioned that he suffered from a medical condition, so the police supervisor instructed the officers to let Zorc leave because charges could be sent by summons.

{¶10} At the close of the city's case, Zorc moved for judgment of acquittal under Crim.R. 29(A). The magistrate ordered that the parties brief the issue and scheduled a hearing for December 1, 2016. On that date, the trial court granted acquittal of the reckless operation charge, and Zorc decided to testify as to the remaining charge.

{¶11} Zorc's testimony reflected that he is age 64, is a Vietnam veteran who receives disability assistance. He suffers from Myasthenia Gravis, a chronic autoimmune neuromuscular disorder. Symptoms of the disease include muscle weakness, difficulty walking, and extreme fatigue. The symptoms are aggravated by stress and other activities.

{¶12} Zorc asserted that he was not aware of the police chase until it was upon him. He did see the Rocky River cruiser on the berm and was focused on changing lanes safely but there were vehicles in his way. At the point that Zorc approached the Rocky River cruiser, the speeding van passed him to his right, preventing him from moving over. Instead, Zorc states he slowed down and carefully passed the officers standing in the

berm by the Rocky River cruiser. Officer Blazer deployed the stop sticks, puncturing the left tires of the van as well as Zorc's right front tire. Zorc confirmed that he did not receive a citation at the scene, but he did receive one by mail 30 days after the incident, which was two days after contacting the Rocky River police department to request reimbursement for the damaged tire.

{¶13} The magistrate found Zorc guilty of failing to change lanes and signed the dismissal of the reckless operation charge.[1] On December 8, 2016, Zorc filed objections to the magistrate's report. The city failed to file a brief in response to the objections in spite of the trial court's December 12, 2016 order. On February 6, 2017, after submission of the hearing transcripts, the trial court agreed to review the exhibits and transcripts prior to ruling on the objections.

{¶14} On March 6, 2017, the trial court ruled on the objections.

> To rule on the objections filed by defendant herein, the Court read the transcript from the trial and viewed the dash cam videos marked as Joint Exhibit 1 and Joint Exhibit 2.

> The Court finds that the two dash camera videos viewed along with the testimony show that the highway was not crowded at the time in question. Further, defendant did not activate his turn signal which he should have done if he was trying to move over to the lane on his right. The videos show defendant made no effort to move over and that had he slowed down and activated his turn signal he would have been able to do so. Based upon this review, the defendant's Objections to the Magistrate Decision are overruled.

---

[1] After the instant appeal was filed, the case was remanded to the trial court to adopt the magistrate's recommendation and issue a final order. The order was issued on July 27, 2017.

The Court adopts the recommendation of the Magistrate wherein she found defendant guilty of   approaching a stationary public safety vehicle.   This is now a final Judgment of this Court.   Further, the Court adopts the recommendation as to sentencing. Fine is waived.   Defendant owes costs and said costs are ordered to be paid by 3/30/17 by 4:00 p.m.

## II.     Assignments of Error

{¶15}   Zorc filed the instant appeal, challenging the sufficiency and manifest weight of the evidence.   We combine the assigned errors for analysis.

### A.     Standard of Review

{¶16}     Crim.R.   29(A)   tests   the   sufficiency   of   the   evidence.     *State v. Hoskin-Hudson*, 8th Dist. Cuyahoga No. 103615, 2016-Ohio-5410, ¶ 7, citing   *State v. Capp*, 8th Dist. Cuyahoga No. 102919, 2016-Ohio-295, ¶ 19.   The Ohio Supreme Court has explained that, "[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different."   *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶17}   "Sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, but weight of the evidence addresses the evidence's effect of inducing belief."   *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25, citing *Thompkins* at 386-387.

{¶18}   Viewed in a light most favorable to the prosecution, did the state meet its burden of production?   The question is not whether the prosecution's evidence "is to be believed, but whether, if believed, the evidence admitted at trial supported the conviction."   *State v. Rudd*, 8th Dist. Cuyahoga No. 102754, 2016-Ohio-106, ¶ 32, citing

*State v. Hunter*, 8th Dist. Cuyahoga No. 86048, 2006-Ohio-20, ¶ 41, *Thompkins* at 390, *State v. Starks*, 8th Dist. Cuyahoga No. 91682, 2009-Ohio-3375, ¶ 25.  Would "'any rational trier of fact'" find that "'the essential elements of the crime [were] proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶19}  In contrast, we sit as a thirteenth juror and intercede only where it is apparent that "a jury has 'lost its way'" when entertaining a manifest weight challenge. *State v. Stewart,* 8th Dist. Cuyahoga No. 86411, 2006-Ohio-813, ¶ 11, quoting *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541.  While we  "may determine" that the trial court's judgment "is sustained by sufficient evidence," we "may nevertheless conclude that the judgment is against the weight of the evidence." *Thompkins* at 387.

**B.      Discussion**

{¶20}     Rocky River Codified Ordinances 333.031(A)(1) is the local codification of R.C. 4511.213(A)(1). The ordinance requires that a driver "approaching a stationary public safety vehicle" with emergency lights activated "shall," on a highway consisting of two or more lanes of traffic traveling in the same direction "shall proceed with due caution and, if possible with due regard to the road, weather, and traffic conditions, shall change lanes into a lane that is not adjacent to" the "safety vehicle."

{¶21}  A review of the video recordings in this case is instructive.  Officer Riley's video depicts a divided highway with three eastbound lanes near the Rocky River

cruiser's location. Officer Riley is in pursuit of the van, followed by a second cruiser. The Rocky River cruiser is parked with lights activated on the inner berm area on the far left side of the highway, against the highway divider wall. The van is in the left lane followed by officer Riley and a second police cruiser. As the vehicles approach the Rocky River cruiser, the van seeks to shift right to the center lane to move around Zorc to escape the police, but is unable to move immediately due to vehicles in the center lane.

{¶22} The van's attempt to shift brings Zorc's vehicle briefly into view on the inside lane. The van shifted back into Zorc's lane. Immediately prior to reaching the Rocky River cruiser, the vehicles in the center lane shifted to the right lane, the van immediately shifted to the center lane, and Zorc and the van were momentarily parallel when passing the Rocky River cruiser. The stop sticks were deployed and appeared to be immediately effective in impeding Zorc's progress who promptly hit his brakes. The van continued in the center lane with damage to the two left tires. Officer Riley and the second cruiser (still in pursuit) passed Zorc's vehicle on the left berm.

{¶23} Joint exhibit No. 2, the Rocky River video also provides insight. The Rocky River dash cam cruiser was in the center lane when the van and two Westlake police cruisers sped past him in the left lane. Several vehicles can be viewed in the center lane as the van and police rapidly approach the cruiser's location. The second cruiser in pursuit attempted to move over to the center lane but shifted back due to traffic in the center lane. The Rocky River dash cam cruiser moved to the left lane behind the Westlake police cruisers. The dash cam data indicates the speed of the Rocky River

police cruiser at 97 miles per hour at one point, and the van and officers were still distancing themselves from the recording vehicle.

{¶24} As the center lane vehicles approached the Rocky River cruiser, and the van and officers in pursuit drew closer, several vehicles shifted from the center to the right lane and the van quickly shifted to center passing Zorc as the sticks were deployed. Zorc braked and quickly stopped as a result of the stop sticks, the Westlake police cruisers passed on the left berm and the Rocky River police cruiser with the dash cam passed Zorc in the center lane.

{¶25} Zorc stated that he was initially unaware that vehicles were approaching behind him at speeds in excess of 90 miles per hour. With the pursuit, traffic next to him, flashing lights on the Rocky River cruiser ahead, and the quick shift by the van when the center lane traffic moved over, there was little time to react.

{¶26} The ordinance dictates that Zorc "shall proceed with due caution and, if possible with due regard to the road, weather, and traffic conditions," move to the adjacent lane. Viewed in a light most favorable to the prosecution, the evidence does not support a willful failure to move over.

{¶27} We do not find that the evidence was sufficient to support Zorc's conviction. *Thompkins,* 78 Ohio St.3d at 390, 678 N.E.2d 541. Because we found insufficient evidence to support his conviction, his manifest weight of the evidence argument is moot. *See* App.R. 12(A)(1)(c); *State v. Shabazz,* 8th Dist. Cuyahoga No. 100021, 2014-Ohio-1828, ¶ 46.

**{¶28}** The trial court's order is reversed, and upon remand, appellant's conviction shall be vacated and points removed from the Ohio Bureau of Motor Vehicles.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, P.J., and
TIM McCORMACK, J., CONCUR