[Cite as *State v. Fisher* , 2018-Ohio-2189.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105802**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**MARVIN FISHER**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-612936-A

**BEFORE:** Laster Mays, J., Kilbane, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 7, 2018

-i-

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
820 West Superior Avenue, Suite 800
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Hannah Smith
Gregory J. Ochocki
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Marvin Fisher ("Fisher") appeals his conviction and sentence and asks this court to vacate and reverse. We affirm.

{¶2} Fisher was found guilty of one count of aggravated arson, a second- degree felony, in violation of R.C. 2909.02(A)(2) with an attached repeat violent offender specification under R.C. 2941.149(A); and 11 counts of aggravated arson, a first-degree felony, in violation of R.C. 2909.02(A)(1). He was sentenced to a total of 25 years imprisonment.

I.      Facts

{¶3} On the evening of January 1, 2017, the Cleveland Fire Department ("CFD") responded to a fire at an apartment complex, in which ten adults and one infant lived. The fire began in a courtyard outside the back door of Fisher's unit and an unoccupied neighboring unit.

After CFD extinguished the fire, Battalion Chief Eric Burchak observed signs of arson. He also noticed that the path of fire began at the door step of the unoccupied unit, next to Fisher's unit.

{¶4} At trial, several witnesses testified as to Fisher's behavior on the day of the fire. Fisher was served with a 30-day eviction notice that day and made threats to harm the owners of the building. (Tr. 221.) He was drinking alcohol, yelling in the parking lot, and telling people to "[l]eave me the f**k alone." (Tr. 542.) The owner also testified that Fisher had keys to the facilities because he was a former maintenance worker on the property. Fisher did not give the keys back until he was arrested that evening. The locks to some of the maintenance rooms had been changed, but the lock to the unoccupied unit had not been changed.

{¶5} At the time of the arson, Fisher lived in the unit with his girlfriend, Allison Young ("Young"). Young testified that when she returned home in the evening, she found Fisher on the couch appearing to be drunk. She also testified that Fisher left the room through the back door that leads to the courtyard where the fire was started. Young went to the restroom, and when she exited the restroom, she smelled smoke. Fisher immediately stated, "I didn't do it. They set me up." (Tr. 7.) She went to investigate the smell coming from the back of her apartment towards the courtyard and observed "an orange ball of fire." (Tr. 367.) Young called 911 and evacuated her apartment. When she was interviewed by the police, Young gave them information regarding prior arsons in which Fisher was involved.

{¶6} At trial, former Cleveland Police Detective Nurrudin Jinna ("Det. Jinna") testified about a 2010 arson case for which Fisher was found guilty of aggravated arson. Det. Jinna, who also worked for the CFD for 33 years, testified that during his investigation, Fisher admitted to drinking six or seven 40oz. King Cobra Malt Liquors at the time of the fire. Also in 2002, Det.

Jinna, testified that he investigated another arson where Fisher was convicted of aggravated arson.

**{¶7}** At the end of the state's case, Fisher's counsel, pursuant to Crim.R. 29(A), made a motion for judgment of acquittal. The trial court denied that motion, stating,

> [a]pplying the law as expressed in *State v. Bridgeman*, in looking at the evidence presented by the [s]tate in the light most favorable to the [s]tate, if the [c]ourt finds that reasonable minds could differ as to whether the [s]tate has proven each count. I believe they have presented evidence that meets the elements of the alleged counts. So the [c]ourt is going to deny the motion for acquittal pursuant to Criminal Rule 29, which means the defense now has an opportunity if they so desire to present witnesses.

(Tr. 727.)

**{¶8}** Fisher's counsel chose not to call any witness, and rested, but renewed the motion for judgment of acquittal. That motion was also denied. The trial court engaged in a lengthy discussion with Fisher about his right to not testify at his trial. At the end of the trial, the jury found Fisher guilty on all counts. The trial court sentenced him to eight years on Count 1, 11 years on Counts 2 and 3, and three years on Counts 4-12. Count 1 would be served concurrent to all counts, and Counts 2 and 3 would be served consecutive to each other; and Counts 4-12 to be served concurrent to each other. Fisher filed this appeal and assigned five errors for our review.

> I.     The trial court erred by failing to grant a judgment of acquittal pursuant to Crim.R. 29(A), on the charges, and thereafter entering a judgment of conviction of that offense as those charges were not supported by sufficient evidence, in violation of defendant's right to due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution;
>
> II.    Appellant's convictions are against the manifest weight of the evidence;
>
> III.   The trial court erred when it admitted other acts testimony in violation of R.C. 2945.59, Evid.R. 404(B) and appellant's rights under Article I,

Section 10 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution;

IV.     The trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14; and

V.      The trial court erred by ordering appellant to pay costs when it did not properly comply with the statute.

## II.     Crim.R. 29(A) and Sufficiency of the Evidence

### A.     Standard of Review

{¶9} "A Crim.R. 29(A) motion for acquittal tests the sufficiency of the evidence."   *State v. Capp*, 8th Dist. Cuyahoga No. 102919, 2016-Ohio-295, ¶ 19.

Crim.R. 29 mandates that the trial court issue a judgment of acquittal where the state's evidence is insufficient to sustain a conviction for an offense. Accordingly, an appellate court reviews a trial court's denial of a defendant's motion for acquittal using the same standard it applies when reviewing a sufficiency-of-the-evidence claim.

*State v. Hoskin-Hudson*, 8th Dist. Cuyahoga No. 103615, 2016-Ohio-5410, ¶ 7.

{¶10} Accordingly,

With respect to sufficiency of the evidence, "'sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." *Black's Law Dictionary* 1433 (6 Ed.1990).   *See also*, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction).   In essence, sufficiency is a test of adequacy.   Whether the evidence is legally sufficient to sustain a verdict is a question of law.   *State v. Robinson*, 162 Ohio St. 486, 124 N.E.2d 148 (1955). In addition, a conviction based on legally insufficient evidence constitutes a denial of due process.   *Tibbs v. Florida*, 457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663 (1982), citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

*State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541.

### B.     Law and Analysis

{¶11} In Fisher's first assignment of error, he argues that the trial court erred by failing to

grant a judgment of acquittal pursuant to Crim.R. 29(A) because the charges were not supported by sufficient evidence. "When performing a sufficiency inquiry, an appellate court does not assess whether the state's evidence is to be believed but whether, if believed, the evidence admitted at trial supported the conviction." (Citations omitted.) *Capp* at ¶ 20.

**{¶12}** Fisher was found guilty of one count of second-degree aggravated arson, in violation of R.C. 2909.02(A)(2) with an attached repeat violent offender specification under R.C. 2941.149(A); and 11 counts of first-degree aggravated arson, in violation of R.C. 2909.02(A)(1). R.C. 2909.02(A)(2) states, "[n]o person, by means of fire or explosion, shall knowingly do any of the following: Cause physical harm to any occupied structure." R.C. 2909.02(A)(1) states, "[n]o person, by means of fire or explosion, shall knowingly do any of the following: Create a substantial risk of serious physical harm to any person other than the offender."

**{¶13}** The state presented evidence that Fisher had access to the courtyard where the fire started from his residence as well as the unoccupied residence next to his apartment where the arson investigator traced the origins of the fire. After viewing the surveillance video from the courtyard, no other person was observed leaving or entering the courtyard. Fisher's girlfriend observed him leaving through the back door moments before she smelled smoke and saw the fire in the courtyard, prompting her to call 911 and evacuate. Fisher argues that the evidence is circumstantial and witnesses' testimony required the jury to make inferences that are flawed. However,

> "circumstantial evidence requires the drawing of inferences that are reasonably permitted by the evidence." *State v. Cassano*, 8th Dist. Cuyahoga No. 97228, 2012-Ohio-4047, ¶ 13. *See also State v. Hartman*, 8th Dist. Cuyahoga No. 90284, 2008-Ohio-3683, ¶ 37 ("[c]ircumstantial evidence is the proof of facts by direct evidence from which the trier of fact may infer or derive by reasoning other facts in accordance with the common experience of mankind").

*State v. Rodano*, 2017-Ohio-1034, 86 N.E.3d 1032, ¶ 35 (8th Dist.).

**{¶14}** Additionally,

"[a] conviction can be sustained based on circumstantial evidence alone.*"  State v. Franklin*, 62 Ohio St.3d 118, 124, 580 N.E.2d 1 (1991), citing *State v. Nicely*, 39 Ohio St.3d 147, 154-55, 529 N.E.2d 1236 (1988).   A conviction of arson is no exception.   As is often in the arson cases, there is no eyewitnesses to the arson; proof of arson, out of necessity, must often rely on circumstantial evidence.   *State v. Hall*, 5th Dist. Richland No. 2004-CA-0093, 2005-Ohio-4403, ¶ 31.   Thus, "Ohio's courts have consistently found that circumstantial evidence can be sufficient to sustain an arson conviction."   *State v. Simpson*, 7th Dist. Columbiana No. 01-CO-29, 2002-Ohio-5374, ¶ 47, citing *State v. Webb*, 8th Dist. Cuyahoga No. 72588, 1998 Ohio App. LEXIS 2851 (June 25, 1998).   *See also, e.g., State v. McDowall*, 10th Dist. Franklin Nos. 09AP-443 and 09AP-444, 2009-Ohio-6902, ¶ 12 (while the arson case turns on circumstantial evidence, the defendant's conviction can be sustained based on circumstantial evidence alone); *State v. Simpson*, 7th Dist. Columbiana No. 01-CO-29, 2002-Ohio-5374.

*Id.* at ¶ 37.

**{¶15}** The evidence presented at trial was sufficient to convict Fisher of aggravated arson.

Therefore, Fisher's first assignment of error is overruled.

## III.   Manifest Weight of the Evidence

### A.   Standard of Review

**{¶16}** Consequently,

[w]hen a conviction is challenged as being against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."   *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).   In a manifest-weight analysis, the credibility of the witnesses and the weight to be given to their testimony are primarily for the trier of facts to resolve.   *State v. DeHass*, 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967).

*State v. Harris*, 8th Dist. Cuyahoga No. 105284, 2018-Ohio-578, ¶ 49.

**B. Law and Analysis**

{¶17} In Fisher's second assignment of error, he contends that his convictions are against the manifest weight of the evidence.

> In evaluating a challenge to the verdict based on manifest weight of the evidence, a court sits as the thirteenth juror and intrudes its judgment into proceedings that it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury which has "lost its way." *Thompkins*, supra, at 387. As the Ohio Supreme Court declared: "Weight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'" *Id.*

*State v. Mallette*, 8th Dist. Cuyahoga No. 87984, 2007-Ohio-715, ¶ 23.

{¶18} Fisher argues that there was not any direct evidence proving that he committed arson, but rather inferences or circumstantial evidence that the jury used to convict him. Given Young's testimony, Fisher's accessibility to the courtyard, and the fact that the fire started in an area that only Fisher had access to at the time, the circumstantial evidence was sufficient. The fact that no one directly witnessed Fisher starting the fire is irrelevant.

> "A conviction can be sustained based on circumstantial evidence alone." *State v. Franklin*, 62 Ohio St.3d 118, 124, 580 N.E.2d 1 (1991), citing *State v. Nicely*, 39 Ohio St.3d 147, 154-155, 529 N.E.2d 1236 (1988). A conviction of arson is no exception. As is often in the arson cases, there is no eyewitnesses to the arson; proof of arson, out of necessity, must often rely on circumstantial evidence. *State v. Hall*, 5th Dist. Richland No. 2004-CA-0093, 2005-Ohio-4403, ¶ 31. Thus, "Ohio's courts have consistently found that circumstantial evidence can be sufficient to sustain an arson conviction." *State v. Simpson*, 7th Dist. Columbiana No. 01-CO-29, 2002-Ohio-5374, ¶ 47, citing *State v. Webb*, 8th Dist. Cuyahoga No. 72588, 1998 Ohio App. LEXIS 2851 (June 25, 1998). *See also*, *e.g.*, *State v. McDowall*, 10th Dist. Franklin Nos. 09AP-443, 09AP-444, 2009-Ohio-6902, ¶ 12 (while the arson case turns on circumstantial evidence, the defendant's conviction can be sustained based on circumstantial evidence alone); *State v. Simpson*, 7th Dist. Columbiana No. 01-CO-29, 2002-Ohio-5374.

*State v. Rodano*, 2017-Ohio-1034, 86 N.E.3d 1032, ¶ 37 (8th Dist.).

{¶19} The jury listened to all of the testimony. They were able to observe the witnesses' demeanor, gestures and voice inflections and used these observations in weighing the credibility of the detectives and witnesses. In looking at the record and all the evidence presented, we determined that the state met its burden of persuasion at trial.

{¶20} Fisher's second assignment of error is overruled.

## IV. Prior Bad Acts Testimony

### A. Standard of Review

{¶21} The

> trial court is vested with broad discretion to determine the admissibility of evidence, as long as that discretion is exercised in accordance with the rules of procedure and evidence. *Rigby v. Lake Cty.*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991). We, therefore, will not disturb the trial court's decision to admit or exclude evidence absent an abuse of discretion. An abuse of discretion connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. *Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.*, 63 Ohio St.3d 498, 506, 589 N.E.2d 24 (1992).

*State v. Nunez*, 8th Dist. Cuyahoga No. 104623, 2017-Ohio-4295, ¶ 15.

### B. Law and Analysis

{¶22} In Fisher's third assignment of error, he contends that the trial court erred when it admitted other acts testimony in violation of R.C. 2945.59 and Evid.R. 404(B) and his constitutional rights.

> With the investigation complete and a crime charged, a trial court has broad discretion regarding the admissibility of other-acts evidence under Evid.R. 404(B), and its decision will not be interfered with absent an abuse of that discretion that created material prejudice. *See State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 81. Other-acts evidence"'is not generally admissible to demonstrate that the defendant has a propensity for crime or that his character is in conformity with the other acts.'" *State v. Morris*, 141 Ohio St. 3d 399, 2014-Ohio-5052, 24 N.E.3d 1153 ¶ 26, quoting *State v. Mann*, 19 Ohio St.3d 34, 482 N.E.2d 592 (1985), paragraph one of the syllabus; *see also* Evid.R. 404(B). However, such evidence may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge,

identity, or absence of mistake or accident." Evid.R. 404(B). Evid.R. 404(B) is in accord with R.C. 2945.59. *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, 983 N.E.2d 1278, ¶ 16.

*State v. Miller*, 2015-Ohio-519, 27 N.E.3d 564, ¶ 20 (8th Dist.).

**{¶23}** Also,

"due process affords appellant the right to a fair trial before an impartial tribunal." ("The Fourteenth Amendment is a protection against criminal trials in state courts conducted in such a manner as amounts to a disregard of 'that fundamental fairness essential to the very concept of justice,' and in a way that 'necessarily prevents a fair trial'.")

*Columbus v. LaMarca*, 10th Dist. Franklin No. 15AP-440, 2015-Ohio-4467, ¶ 55. "The accused, therefore, has a constitutional guarantee to a trial free from prejudicial error, not necessarily one free of all error." *State v. Jones*, 2015-Ohio-2151, 35 N.E.3d 934, ¶ 58 (8th Dist.).

**{¶24}** The Ohio Supreme Court has set forth the following three-step analysis that should be used by trial courts when considering other-acts evidence:

The first step is to consider whether the other acts evidence is relevant to making any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Evid.R. 401. The next step is to consider whether evidence of the other crimes, wrongs, or acts is presented to prove the character of the accused in order to show activity in conformity therewith or whether the other acts evidence is presented for a legitimate purpose, such as those stated in Evid.R. 404(B). The third step is to consider whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice. *See* Evid.R 403.

*State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, 983 N.E.2d 1278, ¶ 20.

**{¶25}** First, the admission of the appellant's prior convictions for arson demonstrated a common motive, plan, or scheme. In each of the appellant's arson convictions, he felt as if someone unjustly harmed him by evicting him, barring him from seeing his girlfriend, or fighting him. In each case, his emotional disturbances were evidence of his motive or intent.

**{¶26}** Second,

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In criminal cases, the proponent of evidence to be offered under this rule shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Evid.R. 404(B). In each of his prior cases, Fisher would address his perceived wrongs by first drinking alcohol and coming up with a plan.

**{¶27}** Third, the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice.

> "Exclusion on the basis of unfair prejudice involves more than a balance of mere prejudice. If unfair prejudice simply meant prejudice, anything adverse to a litigant's case would be excludable under Rule 403. Emphasis must be placed on the word 'unfair.' Unfair prejudice is that quality of evidence which might result in an improper basis for a jury decision. Consequently, if the evidence arouses the jury's emotional sympathies, evokes a sense of horror, or appeals to an instinct to punish, the evidence may be unfairly prejudicial. Usually, although not always, unfairly prejudicial evidence appeals to the jury's emotions rather than intellect." Weissenberger's Ohio Evidence (2000) 85-87, Section 403.3.

*Oberlin v. Akron Gen. Med. Ctr.*, 91 Ohio St.3d 169, 172, 2001-Ohio-248, 743 N.E.2d 890.

**{¶28}** The record reflects that after voir dire examination of Young, the trial court made a preliminary ruling allowing Evid.R. 404(B) evidence in. The court stated:

> COURT: Basically, in this particular fire that's being alleged, the arson here, the defendant has denied that he had any role in starting the fire. The [c]ourt's going to allow this [Evid.R.] 404(b) after making a determination that they are substantially similar to what's being alleged in this particular case in order to show lack of absence of mistake, accident.
>
> STATE: As well as identity.
>
> COURT: Intent.

STATE: Okay.

(Tr. 339.) The court's discussion with the state and defense counsel continued as follows:

COURT: So I can tell the jury that the [s]tate is going to be permitted to elicit some limited testimony about prior acts, and I will read the definition to them and say that they are prohibited from interpreting that as evidence supporting the [s]tate's case in this case. They are for the limited purpose of proving intent, preparation, plan, knowledge, identity, or absence of mistake or accident. I mean, it seems to me that the [s]tate's theory in this case is to combat the inference that this was an accident.

STATE: That's correct, Your Honor.

COURT: I mean, that's basically it. It's really —

STATE: And motive as well and intent as you mentioned but —

COURT: Okay.

(Tr. 342.) Defense counsel objected regarding the use of the Evid.R. 404(B) evidence being admitted, but approved of the general jury instruction. (Tr. 343.)

{¶29} The record reveals that the jury did not hear emotional testimony about the previous arsons committed by Fisher. Jinna testified about Fisher's two previous convictions for arson. The victims of the previous convictions did not testify. This testimony was simply used for the limited purpose as stated by the trial court in its discussion with both attorneys, in other words, to decide whether it proves Fisher's motive, purpose, absence of mistake, and intent for committing this act of arson. The trial court gave the following instruction to the jury regarding Jinna's testimony:

In this case, evidence was received about the commission of other crimes, wrongs or acts than the offenses with which the defendant is charged in this trial. That evidence was received only for a limited purpose. It was not received, and you may not consider it to prove the character of the defendant in order to show that he acted in conformity or accordance with that character. If you find that the evidence of other crimes, wrongs or acts is true and that the defendant committed them, you may consider that evidence only for the purposes of deciding whether it

proves, A, the absence of accident or, B, the defendant's motive, opportunity, intent, or plan to commit the offense charged in this trial. That evidence cannot be considered for any other purpose.

(Tr. 760.) Therefore, Fisher's third assignment of error is overruled.

## V. Consecutive Sentences

### A. Standard of Review

**{¶30}** We

review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21-23. Under R.C. 2953.08(G)(2), an appellate court must "review the record, including the findings underlying the sentence * * * given by the sentencing court." An appellate court "may increase, reduce, or otherwise modify a sentence" or it may vacate a sentence and remand the matter to the trial court for resentencing if it "clearly and convincingly" finds either that: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or (2) "the sentence is otherwise contrary to law." R.C. 2953.08(G)(2); *Marcum* at ¶ 1, 21-23. A sentence is contrary to law if the sentence falls outside the statutory range for the particular degree of offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *See, e.g., State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58; *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 8, citing *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10. When a sentence is imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12, "[a]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23.

*State v. Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 58 (8th Dist.).

### B. Law and Analysis

**{¶31}** In Fisher's fourth assignment of error, he contends that the trial court erred by ordering him to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14.

R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the

trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender, (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) that one of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

([c]) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*State v. Allison*, 8th Dist. Cuyahoga No. 105212, 2017-Ohio-7720, ¶ 9.

{¶32} The trial court made the appropriate findings required by R.C. 2929.14.

Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specified which of the given bases warrants its decision.'" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). Further, the reviewing court must be able to discern that the record contains evidence to support the findings. *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶ 21, citing *Bonnell* at ¶ 29. A trial court is not, however, required to state its reasons to support its findings, nor is it required to give a rote recitation of the statutory language, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Bonnell* at ¶ 37.

*Id*. at ¶ 10.

{¶33} At sentencing, the trial court engaged in an extensive discussion regarding its sentencing and made the appropriate findings required by R.C. 2929.14. The trial court found that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender. (Tr. 857.) The trial court determined that such sentences would not be

disproportionate to the seriousness of the conduct and to the danger the offender poses to the public.

(Tr. 857.)   The trial court also found that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; and that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. (Tr. 858-859.)   Therefore, Fisher's fourth assignment of error is overruled.

## VI.   Imposition of Court Costs

{¶34} In Fisher's fifth assignment of error, he contends that the trial court erred by ordering him to pay costs when it did not properly comply with the statute.

> R.C. 2947.23(A)(1) governs the imposition of court costs and provides in relevant part:   "In all criminal cases * * * the judge * * * shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs."   Thus, a sentencing court must include in the sentence the costs of prosecution and render a judgment against the defendant for costs, even if the defendant is indigent.   *State v. Brown*, 8th Dist. Cuyahoga No. 103247, 2016-Ohio-1546, ¶ 12, citing *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8; *see also State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164.

*State v. Brock*, 8th Dist. Cuyahoga No. 104334, 2017-Ohio-97, ¶ 17.

{¶35} Fisher argues that at sentencing, the trial court did not impose court costs.   We agree.   The state contends that the court imposed costs on the record.   The state was incorrect. The record reflects that when the trial court mentioned costs that it merely recited an earlier sentence from a 2002 case and did not state anything regarding Fisher's costs in this current case.  The trial court stated:

> COURT: Then in 2002 aggravated arson, but no billed. In 2002, jury finds defendant guilty of aggravated arson, a felony of the first-degree as charged in the indictment.
>
> Court imposes a prison term in Lorain Correctional for four years, merging Counts 1 and 2. The defendant is to *pay court costs*.

(Emphasis added.) (Tr. 860.)

**{¶36}** Consequently,

> [a] convicted criminal defendant is responsible for the costs of prosecution. R.C. 2947.23(A)(1)(a). The trial court did not mention court costs during the sentencing hearing before imposing them in the entry. Beasley cites *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, for the proposition that it is error for a trial court to impose court costs in its sentencing entry without first informing the defendant during the sentencing hearing of its intent to do so. However, *Joseph* is no longer good law.
>
> A trial court has discretion to waive the payment of court costs if the defendant is indigent. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 14. The result in Joseph was dictated by the fact that at the time of Joseph's trial, an indigent criminal defendant was required to file a motion for waiver of costs at the time of sentencing. *Joseph* at ¶ 9-12, citing *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, paragraph two of the syllabus. Thus, if the court failed to mention court costs at the sentencing hearing but then ordered the defendant to pay costs in its entry, the defendant would be deprived of an opportunity to seek a waiver. *Joseph* at ¶ 13. This court therefore remanded "for the limited purpose of allowing Joseph to move the court for a waiver of the payment of court costs." *Id*. at ¶ 23.
>
> However, after Joseph was decided and before Beasley was sentenced, the General Assembly amended R.C. 2947.23 by adding subdivision (C): "The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." (Emphasis added.)

*State v. Beasley*, Slip Opinion No. 2018-Ohio-493,¶ 263-265.

**{¶37}** *Beasley* was decided on January 16, 2018, but not posted until February 8, 2018. This court in its decision, *State v. Kendall*, 8th Dist. Cuyahoga No. 104919, 2018-Ohio-380, remanded to the trial court to hold a sentencing hearing for the sole purpose of allowing the appellant the opportunity to move for a waiver of the payment of costs. *Kendall* was released

on February 1, 2018, after the Supreme Court made its decision in *Beasley*, but before the Court released its decision. In light of *Beasley*, *Kendall* is no longer good law. We no longer need to remand to the trial court to hold a sentencing hearing for the appellant to move for a waiver of the payment of costs. Fisher can file a motion on his own to move for the waiver of costs. Therefore, we overrule Fisher's fifth assignment of error.

**{¶38}** Judgment affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, P.J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN PART AND CONCURS IN JUDGMENT ONLY IN PART WITH SEPARATE OPINION

SEAN C. GALLAGHER, J., CONCURRING IN PART AND CONCURRING IN JUDGMENT ONLY IN PART:

**{¶39}** I respectfully concur in judgment only with paragraphs 16 through 20 of the majority opinion related to the weight of the evidence discussion. It appears the appellant's claim is premised on the view that there is a lack of direct evidence identifying Fisher as the arsonist if the other acts evidence is excluded. This assertion ignores the circumstantial evidence of appellant's guilt under *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991),

and in light of the fact that the admission of the other acts evidence is affirmed, I agree with the disposition.

{¶40} I also concur in judgment only with the majority's analysis in paragraphs 21 through 29 related to the prior bad acts testimony under Evid.R. 404(B). The majority summarily concludes that the other acts evidence was admitted for the purpose of demonstrating the identity, absence of mistake, or a common motive, plan, or scheme but does not identify how the prior convictions relate to those stated purposes. For example, it does not appear that the other acts were part of a common plan or scheme; all were independent acts that shared similarities but not enough to consider each act as a behavioral footprint for the purposes of establishing identity. Under the majority's conclusion, the jury was free to determine how the state intended to use the evidence. This ignores the state's responsibility to identify the stated use of the evidence for the jury's consideration. Nevertheless, during closing arguments the state asked the jury to consider the other acts evidence to prove "intent" or "motive." I would limit the analysis accordingly.

{¶41} Contrary to Fisher's limited argument that the "state did not present or prove any of the exceptions to [Evid.R.] 404(B)," the other acts evidence was not introduced to prove the character of Fisher in order to show action in conformity therewith. The state proffered a legitimate purpose for considering the evidence under Evid.R. 404(B), to demonstrate a motive, and Fisher has not challenged the state's stated purpose. App.R. 16(A)(7). With this clarification, I agree with the majority's disposition of the third assignment of error.

{¶42} I concur with the remainder of the opinion.